### C. B. WELLS v. ALEX. OFFUTT'S EX'RS.

**Wills—Construction.**

> Where the testator directs his executors to lay out and purchase real estate for a named person and the lawful heirs of her body, and such person does not apply for the appointment of trustees to manage such estate, the executors have discharged their duty when they have purchased such real estate and had it conveyed as directed by the will, and it is error for the court to direct that the real estate so purchased be conveyed to trustees.

### APPEAL FROM SCOTT COURT OF COMMON PLEAS.

February 10, 1877.

OPINION BY JUDGE COFER:

That Mrs. Wells received the $2,000 charged to her between the publication of the will and the death of the testator is not disputed, and the only question for decision in respect to that matter is whether it should have been treated as a part of her share of the estate bequeathed to her by her father. He bequeathed to her so much of his estate as would, when added to the sum he had already given her, amount to the sum of $11,500, and by the well established rules of the common law the money given her afterwards will be deemed a satisfaction pro tanto of the bequest. *Griggby's Ex'r v. Wilkinson,* 9 Bush 91. And the statute recognizes this rule as being still in force. Sec. 17, Chap. 113, Gen. Stat.

But the testator bequeather to Mrs. Wells, in her own right and without limitation or restriction, the interest on $10,000 from the time of his death until her portion of the estate should be invested in real estate according to his directions. Having advanced to her $2,000, which must be added to the $1,200 previously given her, the two sums should have been deducted from $11,500, and the interest on the remainder, from the testator's death until invested, should have been paid to her and deducted from her share of the estate,

and only the residue should have been invested in real estate as directed by the will. This would not only have secured that exact equality which the testator was evidently anxious to secure, but would have carried his will into execution precisely as he wrote it. By investing the whole fund the chancellor deprived Mrs. Wells of the absolute indefeasible title to the interest, which is given to her directly, and subjected it to a limitation not imposed by the will.

We are also of the opinion that the chancellor erred in directing the real estate purchased be conveyed to trustees. The will does not so direct, but the direction is that the executors shall lay out the fund in real estate "for her and (the) lawful heirs of her body." The executors are not charged with any further duties in the matter; and as Mrs. Wells did not apply for the appointment of trustees, none should have been appointed.

Nor are we satisfied that the limitations directed to be inserted in the deed are in conformity with the directions contained in the will. The language of the testator is as follows: "But it is my desire that they (the executors) should lay it out in real estate for her and (the) lawful heirs of her body, and if she should not have any it shall return to her brothers and sisters to be divided equally between them." The chancellor construed this language as giving to Mrs. Wells an estate for life, with remainder to her descendants, if any living at her death, and in default of such living descendants, then that the property should return to her brothers and sisters.

It is a question (but upon that we intimate no opinion) whether this language does not create an estate in fee, defeasible upon the death of Mrs. Wells without having had a child or children. There was no pleadings in the cause requiring the court to determine the nature or extent of the estate given to her, and it would be safer to direct the conveyance to be made in the language of the will, that is, to Mrs. Wells and the lawful heirs of her body, and in case she should not have any, then to her brothers and sisters, to be equally divided between them. This will leave that clause of the will to be construed whenever events shall render its construction necessary, and avoid complications which may result from its premature construction.

Judgment *reversed* and cause remanded for further proceedings in conformity with this opinion.

*W. H. Cord, for appellant. J. M. Adams, for appellees.*