### Sutton v. Greening.

(Decided April 16, 1915.)

## Appeal from Garrard Circuit Court.

Wills—Devise—Conditional Limitation Over.—Under a will devising a farm to testator's son, with a provision that, if the son does not live till his youngest child is sixteen years old he (testator) desires the farm shall be a home for the son's wife, S., and children, till that time arrives, there is a devise of the fee, with a conditional limitation over; so, though the wife is dead, the son can only convey the property subject to the interest of the children; and this is true, although the son's youngest child, who is yet under sixteen years of age, is the offspring of a second marriage and was not in being at the time the will was made.

R. H. TOMLINSON for appellant.

WILLIAM HERNDON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

H. O. Sutton, a resident of Garrard County, died May 10, 1894, testate. His will, which was duly probated in the Garrard County Court, distributed the considerable estate, real and personal, left by him, among his children. The second clause of the will is as follows:

"2nd. I will to my son, F. K. Sutton, the farm on which he is now living, containing 98 and a fraction

acres, valued at five thousand dollars ($5,000.00). Now if my son, F. K. Sutton, should not live until his youngest child living shall have arrived at the age of sixteen years, I desire that the farm named above shall be a home for his wife, Sallie Sutton, and children until that period arrives."

Subsequent to the death of H. O. Sutton and the probate of his will, Sallie Sutton, the wife of F. K. Sutton, died, survived by her husband and the following children: Lillie Sutton Dickerson, Maud Sutton Kennedy, Booth Sutton, Eugene Sutton, Goins Sutton, Alvah Sutton, Flossie Sutton, Paul Sutton, and Thomas Sutton. At the time of the mother's death several of these children were under sixteen years of age, Thomas Sutton being the youngest of them, but all are now above sixteen years of age.

Some years after the death of Sallie Sutton, wife of F. K. Sutton, the latter married a second time, and there was born of this marriage a daughter, Lucy Sutton, who is now an infant under fourteen years of age, and F. K. Sutton, the father, is still living.

After the death of his first wife, Sallie Sutton, and while several of the children born of his marriage with Sallie Sutton were under the age of sixteen years, F. K. Sutton sold and by deed conveyed the ninety-eight acres of land devised him by the will of his father, H. O. Sutton, to one T. L. Herring, who in turn sold and by deed conveyed it to the appellee, W. C. Greening, and the latter instituted this equitable action in the Garrard Circuit Court against the infant appellant, Lucy Sutton, child of F. K. Sutton by his second marriage, for the purpose of obtaining a construction of the second clause of H. O. Sutton's will, containing the devise of the land in question to F. K. Sutton.

It is alleged in the petition that the appellee, W. C. Greening, is the owner and in possession of the land, which he desires to sell and could sell at an advantageous price, but for the fact that the intending purchaser has been advised that the infant appellant, Lucy Sutton, has a like interest in the land to that given by the will of H. O. Sutton to the children of F. K. and Sallie Sutton, until she, as the youngest of her father's children, becomes sixteen years of age. It is further alleged in the petition that the infant, Lucy Sutton, has no interest in the land and would have no right to occupy it as a

home as contemplated by the second clause of the will, if her father, F. K. Sutton, should die before she arrived at the age of sixteen years; and that so much of the second clause of H. O. Sutton's will as provides that if F. K. Sutton "should not live until his youngest child living shall have arrived at the age of sixteen years * * * the farm named above shall be a home for his wife, Sallie Sutton, and children until that period arrives," applies only to the children of F. K. and Sallie Sutton, and does not include the infant appellant, who is not a child of Sallie Sutton, but a child of F. K. Sutton by his second and a different wife.

The answer filed by the guardian *ad litem* of the infant appellant, Lucy Sutton, after setting out the second clause of H. O. Sutton's will, contains the following allegations:

"The defendant charges that said F. K. Sutton had no right to dispose of said farm at all; that is to say, he had no right to sell any greater interest in said farm than he had, which this defendant charges is only a life estate. The defendant further charges that in any event any child which the said F. K. Sutton had would be entitled to the provision of the will; that is to say, that it matters not who may be the mother of the child, whether it was the wife who was living at the time the will was made or the present wife who married the said F. K. Sutton after the death of the first wife. He charges that under the provisions of said will the child of F. K. Sutton by the second wife is as much entitled to the provisions of the will as the first wife's children would be, and should the said F. K. Sutton have a third wife, by whom he had children, they also would be entitled to the provisions of the will as above set out."

The prayer of the answer asked that the court adjudge that F. K. Sutton had only a life estate in the land, and that the will of H. O. Sutton be held to apply to the infant appellant, Lucy Sutton, the child of F. K. Sutton by his second wife.

Upon the submission of the case it was adjudged by the circuit court that the infant appellant, Lucy Sutton, has no interest in the land in question; that the provisions of the second clause of H. O. Sutton's will referring to the children of F. K. Sutton, applies only to the children born to F. K. and Sallie Sutton, and not to any child or children born of a second or subsequent

marriage of F. K. Sutton, and that as Thomas Sutton, the youngest child of F. K. and Sallie Sutton, has passed the age of sixteen years, the appellee, Greening, now owns a vendible fee simple title to the land, and may legally sell and convey same free of any restriction or limitation imposed by the second clause of the will of H. O. Sutton. The guardian *ad litem,* being dissatisfied with that judgment, has appealed.

It appears that in 1904 and shortly after the death of his first wife, Sallie Sutton, F. K. Sutton instituted an action in the Garrard Circuit Court, to which the children born of his marriage with Sallie Sutton were made defendants, seeking a construction of the second clause of H. O. Sutton's will, and asking the court to adjudge him the owner in fee of the land thereby devised, with the right to sell and convey it by deed. The relief sought was refused by the circuit court, and from the judgment manifesting that ruling F. K. Sutton prosecuted an appeal to this court, which resulted in an affirmance of the judgment of the lower court. (See Sutton v. Dickerson, 27 R.; 504.)

In the opinion it is said:

"It is perfectly manifest from the language employed that it was the intention of the testator that if his son, F. K. Sutton, died before his youngest child living shall have arrived at the age of sixteen years, the farm was to be a home for Sallie Sutton and children until the youngest child living should arrive at the age of sixteen years. Sallie Sutton and children were given the right to occupy the farm and enjoy the fruits of it upon a contingency that might or might never happen. The fee was devised to the son, with limitations over upon a condition of an uncertain character. The limitation over was executory in character. It is unlike a case where the party is given the fee simple title with simply a restriction upon alienation, but it is a devise of the fee simple estate with a condition annexed to it. The son, F. K. Sutton, could not in the lifetime of his wife, Sallie Sutton, have disposed of the farm so as to have affected her interest or that of the children. The children were given the same right to the use and occupancy of the land that was given to his wife, Sallie Sutton. Her death did not cause the children to lose their interest which had been given them in the land. All the appellant can do is to convey the land subject to the in-

terest of those of the children which the testator intended should enjoy it upon the happening of a contingency.''

It is manifest from the foregoing construction given the second clause of H. O. Sutton's will and from its language as well, that its meaning is that if F. K. Sutton should not live until his youngest child should reach the age of sixteen years, the land devised should become a home for his wife, Sallie Sutton, and his children, from the time of his death until his youngest child should reach the age of sixteen years. Furthermore, that as F. K. Sutton could not have disposed of the land in the lifetime of his wife so as to have affected her interest or that of his children, her death did not cause the children to lose their interest; hence all F. K. Sutton could do before his youngest child become sixteen years of age was to convey the land subject to the interest of the children, which the testator intended they should enjoy upon the happening of the contingency provided for.

The question presented for decision on the present appeal is, whether the infant appellant, Lucy Sutton, a child of F. K. Sutton by his second marriage, who was not in being when the appeal in Sutton v. Dickerson, *supra,* was decided, is included in the provision of the second clause of H. O. Sutton's will referred to. It will be observed that the clause in question makes no provision for the children of F. K. Sutton by name, nor is the provision made confined to the children of F. K. Sutton and Sallie Sutton; it is to *his children,* and, therefore, extends to and embraces the youngest of his children, whether of the first or second marriage. The interest given is not only specifically devised to the children of F. K. Sutton, but it is to continue until the youngest child arrives at sixteen years of age. So, all of his children, from the oldest to the youngest, whether of the first or second marriage, are, in the contemplation of the will, beneficiaries of the interest devised. It is true the contingency may never happen that will enable them to enjoy the interest, for the father may live until the youngest child becomes sixteen years of age, in which event the interest of each child would cease and end. The child or children of F. K. Sutton by the second wife are as closely related to the testator, or would have been had he lived, as the children of the first wife, and in the absence from the will of language manifesting such intention, it will not be presumed that the testator intended

a provision made in his will for his son's children, as such, to include some of them and exclude others. This being true, the children of F. K. Sutton cannot be devested of the interest given them in the land in question by the will of their grandfather, by the act of F. K. Sutton in selling or conveying the land before the youngest reaches the age of sixteen years.

Our construction of the clause of the will under consideration is supported by the opinion in the case of Gray's Admr., et al. v. Pash, et. al., 24 R. 962. In that case the facts were that one Thomas H. Gray, by a codicil of his will, gave to the children of Z. T. Pash one thousand dollars each, providing that each child should receive his thousand dollars when he became of age. Pash had married a daughter of James Gray, a niece of the testator, and had by her three children. This wife died before Thomas H. Gray, the testator, survived by two of her three children. Thereafter Pash married the second time, and by the second wife, who was in no way related to the testator, he had five children. Upon this state of case the question arose whether the five children of Pash by his second wife, who were not related to the testator, were entitled to take a thousand dollars each under the will of the latter. Suit was brought for a construction of the will and a determination of the rights of the children of Pash thereunder, it being contended by the two children of Pash by the first wife, the niece of the testator, that they were the only beneficiaries of the bequest made by the latter, and that the other five children of Pash, by the second wife, were entitled to no part of the testator's bounty.

It was held by the circuit court that the seven children of Pash were equally entitled to the bequest made by the will. On appeal the judgment was affirmed, the decision being rested by the opinion upon the grounds that as the language of the will gave to the children of Pash each as a class and the gift was plain and free from ambiguity, no necessity existed for any interpretation beyond the plain meaning of the words employed; and, moreover, that had the testator intended to limit his bounty to the two children of his niece he could easily have done so, as he lived about ten years after the codicil was written which gave the property to the children of Pash. The opinion also announced the rule that evidence as to the condition or surroundings of the parties

is inadmissible where no uncertainty or ambiguity in the language used in the will exists.

In Lynn v. Hall, 101 Ky., 738, it was held that under a will by which the testator gave to his daughter-in-law, Polly Jane Lynn, and "her children" a tract of land, the husband and son then being alive, the children who were born after the death of the testator took per capita with those who were born previous to his death, there being nothing in the will to indicate that they were intended to be excluded.

To the same effect is Pettit, etc., v. Norman, 119 Ky., 777. In the latter case the question was whether a deed conveying real estate in trust for the wife of the grantor for life, with the remainder to her children, inured to the benefit of children of the grantee by a subsequent marriage to another person after divorce from the grantor. The language of the deed was that the conveyance in trust was "for the separate use and benefit of Mildred J. Pettit during her life and for the fair and equal use of her children forever after her." It was held by us in affirming the judgment of the circuit court that a child of the grantee by a subsequent marriage, took equally with her children by the grantor, in the property conveyed in trust. In the opinion it is, in part, said:

"The question presented for our consideration is: Should the words 'her children' be construed to mean all of the children of which Mildred J. Pettit, alias Norman, was the mother, whether by her first or second husband, and thereby include the appellee, Joanna Norman, as an equal beneficiary? In construing a will, deed or other written instrument, the court must keep in view the cardinal rule that the meaning of the words used should be declared, and, if the words employed are such as to convey a single meaning, extrinsic facts, from which a different meaning might be inferred, cannot be considered. * * * While it is not customary for a father to voluntarily permit one who is a stranger to his blood to share with his children in his bounty, he may do so if he choose, and the fact that it is unusual will not per se authorize a court to disregard the plain meaning of the words in the deed conferring such bounty. It is not made to appear that the grantor did not understand the legal meaning and effect of the words 'her children' as used in the deed. The words themselves are

free from ambiguity, and there are no other words in the instrument that conflict with them, or throw any doubt upon their meaning; nor is it intimated that at the time of making the deed the grantor was deceived or misled, or that he was subject to any undue or improper influence. It must be presumed, therefore, that the instrument in all its parts expresses the intention of the grantor. It follows, therefore, that the chancellor's construction of the deed from Napoleon L. Pettit to W. J. Lampton was authorized by its language."

It follows from what has been said that the circuit court erred in its construction of clause 2 of H. O. Sutton's will. As the infant appellant, Lucy Sutton, took equally with her half-brothers and sisters an interest under the devise contained in that clause of the will, all that is said in the opinion in Sutton v. Dickerson, *supra,* is equally applicable to her. For the reasons indicated the judgment is reversed and cause remanded for the entering of such a judgment as will conform to the opinion.