## Prewitt, et al. v. Prewitt, et al.

(Decided December 11, 1917.)

### Appeal from Scott Circuit Court.

1. Wills—Construction.—In construing a will the whole of the instrument, including all codicils, will be considered in arriving at the intention of the testator.

2. Wills—Vesting of Estates.—The vesting of estates is favored by the law, and it is a well recognized rule that in cases of doubt the law favors a fee rather than a lesser estate. Therefore, an estate once given in fee will not be defeated by subsequnt provisions apparently limiting it to a smaller estate, unless the intention of the testator, as shown by the language of the will, so requires.

3. Wills—Vesting of Estates.—Where an estate is given by will which may be defeated upon the happening of a contingency, and there is no other period apparent or intended, in which the event shall occur, it will be made to refer to an event happening within the lifetime of the testator. So where a testator by his will devised his entire estate to his widow and two sons, each to take a third thereof, and a subsequent clause or clauses of the will provide that in the event of the death of the widow, the interest devised her should go to the two sons, but that in the event either of the sons should die without a child or children his interest should go to his surviving brother, and in the event of the death of both sons without child or children the interest devised them should go to their mother, the testator's widow. Held: That the words of survivorship must be regarded as referring to the death of the devisees during the life of the testator, it being the intention of the latter to provide against the contingency of the death of the objects of his bounty in his lifetime, or, at any rate, before the time fixed in the will for the division between them of the estate devised.

JOHN F. FORD, JR. for appellants.

JAMES BRADLEY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming.

This action was brought by R. D. Prewitt and Joe Allen Prewitt, his wife, against Levi Prewitt, Rossie Higgins Prewitt, his wife, Nancy Elizabeth Prewitt, daughter of Levi and Rossie Higgins Prewitt, an infant over fourteen years of age, and Bettie B. Prewitt, widow of R. Caswell Prewitt, deceased, to obtain a construction of the will of R. Caswell Prewitt; it being alleged in the petition that R. D. Prewitt and Levi Prewitt are the sons and only children of R. Caswell Prewitt, deceased, and Bettie B. Prewitt, his widow, and that R. Caswell Prewitt died domiciled in Scott county in 1898, leaving a considerable real and personal estate, which he devised by will to his widow and two sons named, one-third to each; that included in the property devised was a farm containing 340 acres of land, described in the petition; and notwithstanding R. D. Prewitt, Levi Prewitt and their mother, Bettie Prewitt, each took under the will of R. Caswell Prewitt a fee simple title to an undivided third of the land, Levi Prewitt is claiming and asserting that R. D. Prewitt took under their father's will only a defeasible fee to an undivided one-third of this land, subject to be defeated by his dying at any time without issue, in which event the land would go to Levi Prewitt under the provisions of the will of their father, if living, or if dead, to his daughter, Nancy Elizabeth Prewitt, and that as R. D. Prewitt is childless the contingency referred to gives Levi Prewitt and his infant daughter such an interest in the land as will prevent R. D. Prewitt from selling or conveying same or encumbering it by mortgage; which claim casts a cloud upon the latter's title to the land and prevents him from exercising any right to sell or mortgage it.

Levi Prewitt and Nancy Elizabeth Prewitt, the latter by her guardian *ad litem*, each filed a general demurrer to the petition and without waiving same also filed answers denying that R. D. Prewitt took, under the will of R. Caswell Prewitt, a fee simple title to an undivided one-third interest in the land mentioned, and alleged that he took thereunder a defeasible fee to such undivided third, subject to be defeated by his dying at any time without leaving issue surviving him at his death, which gives to Levi Prewitt and to his daughter, Nancy Elizabeth Prewitt, in the event she survives him, a contingent interest in that portion of the land so de-

vised to R. D. Prewitt; and further, that under the provisions of R. Caswell Prewitt's will Bettie Prewitt took a life estate in an undivided one-third of the land, and the sons a joint defeasible fee in remainder to the one-third of the land devised to their mother, subject to be defeated by the death of either of them without leaving issue surviving at the time of their death; but that in the event Levi Prewitt should die survived by his daughter, Nancy Elizabeth Prewitt, such undivided third of the land would go to and become the property of Nancy Elizabeth Prewitt. To these answers of Levi Prewitt and Nancy Elizabeth Prewitt, by her guardian *ad litem,* R. D. Prewitt, filed a general demurrer, and on the hearing the circuit court overruled the demurrer to the petition, sustained the demurrer to each of the answers and adjudged that R. D. Prewitt, Levi Prewitt and their mother, Bettie B. Prewitt, each took, under the will of R. Caswell Prewitt, a fee simple title to an undivided third in the tract of land devised by the will; and that neither Levi Prewitt nor his daughter, Nancy Elizabeth Prewitt, took a contingent or other interest in any part of the land devised to Bettie B. Prewitt or R. D. Prewitt, or that the daughter, Nancy Elizabeth Prewitt, took a contingent or other interest in any part of the land devised her father, Levi Prewitt. Levi Prewitt, Nancy Elizabeth Prewitt, and the guardian *ad litem* of the latter, complain of the judgment, and have appealed therefrom.

The will of R. Caswell Prewitt is as follows:

"In the name of God, Amen. I, R. Caswell Prewitt, of Scott county, State of Kentucky, do make this as my last will and testament, to-wit:

"First. I will and direct that all of my just debts be paid.

"Second. I will and devise, after the payment of my debts, that all of my estate, real, personal and mixed, including the insurance money on my life, be divided equally between my beloved wife, Bettie B. Prewitt, and my two sons, Robert D. Prewitt and Levi Prewitt, each taking a one-third part and they may sell all the property and divide the proceeds if they think it best.

"Third. In the event of the death of my wife I will that her part under this will shall be divided equally between said Robert D. Prewitt and Levi Prewitt, and in the event of the death of either Robert D. Prewitt or Levi Prewitt, without leaving child or children at his

death, then I will the part of the one so dying shall be divided equally between my wife, said Bettie B. Prewitt, and my surviving son, and if both of said sons die without leaving child or children at their death, I will that all of the property shall go to my beloved wife.

"Fourth. If either or both of my sons should die leaving child or children, I will that the child or children shall take the place of the father.

"Fifth. I appoint my beloved wife, Bettie B. Prewitt, executrix, and my said sons, Robert D. Prewitt and Levi Prewitt, executors of this, my last will and testament, and direct and request the court to require no surety of them on their official bond."

Numerous cases have been decided by this court in which it was held that, where an estate is given by will, which may be defeated upon the happening of a contingency, and there is no other period apparent or intended, in which the event shall occur, it shall refer to an event happening within the lifetime of the testator. Wren v. Hynes, 2 Met. 129; Wills v. Wills, 85 Ky. 486; Crozier v. Cundall, 99 Ky. 202; Carpenter v. Hazelrigg, 103 Ky. 538; Calloway's Executor, &c. v. Calloway, &c., 171 Ky. 366; Burnham v. Suttle, 148 Ky. 495; Pritchett v. Corder, 105 S. W. 910; Blackwell, &c. v. Blackwell, &c., 147 Ky. 264; Washer's Executor v. Washer's Executor, 143 Ky. 145; Kohlhepp v. Kohlhepp's Admr., 143 Ky. 731; Hannah v. Prewitt, 153 Ky. 310.

We are clearly of opinion that when considered in all its parts the meaning of the testator, as expressed in the third and fourth clauses of the will was that in the event of the death of either of his sons before the death of the testator, the child or children of the one so dying would take at the death of the testator, what would have been received under the will by the father if then living. In other words, the contingency mentioned in clauses three and four of the will must be construed to refer to the death of the sons without child or children before that of the testator and before they became entitled to the possession of the devised estate. This is necessarily so because no other period is fixed by the will for the happening of such contingency.

In Calloway's Executor, &c. v. Calloway, &c., *supra,* the will, after devising certain of the testator's property to her son, Coleman B. Calloway, made use of this language:

"I further will that should my son, Coleman, die without heirs, that his sister and her children shall inherit his portion of my estate."

In construing this language we said:

"The words 'die without issue' and equivalent phrases, are uniformly held in this state to mean, die without issue in the lifetime of the testator, unless some other period is fixed by the will. This limitation in the will before us refers, therefore, to Coleman B. Calloway's death before the death of the testatrix; an event which did not happen."

In Burnam, &c. v. Suttle, *supra*, the rule was announced that:

"Where a testator in one clause of his will gave absolutely to his grandchild certain described property, and in a codicil provided that in case of her death without issue, the estate devised should go to his heirs, the words 'dying without issue' refer to the death of the devisee without issue during the life of the testator. . . . . The law favors the vesting of estates. In cases of doubt, it favors a fee rather than a less estate. And an estate once given in fee will not be defeated by a subsequent provision in the instrument limiting it to a smaller estate, unless the language of the instrument or the intention of the testator requires it."

In the recent case of Washer's Executor v. Washer, *supra*, we held that:

"Where a devise is made to several persons by name, with words of survivorship annexed, if the gift is to take effect in possession immediately after the death of the testator, the uniform rule of construction is to refer the words of survivorship to that event (i. e., the death of the testator) and to regard them as intended to provide against the contingency of the death of the object of the testator's bounty in his lifetime."

In Kohlhepp v. Kohlhepp's Admr., *supra*, the language of the devise was:

"In the event of the death of either of my sons, without lawful heirs of his body, the survivor and his lawful heirs shall inherit all of my estate, to be held and used as above provided and not otherwise."

In construing this will we held:

"The contingency mentioned in clause six, under all the authorities, must be construed to refer to the death of Kohlhepp before the testator or before he became

entitled to the possession of the devised estate, and it is not necessary to determine which.''

In Hanna v. Prewitt, *supra,* the will presented for construction was that of Mrs. Kizia W. Allen, who died in 1910. The testatrix had, when the will was written in 1896, three daughters, her only children. Following provisions for the payment of her debts and legacies of $500.00 to each of her daughters, she, by the third clause of her will, devised equally to her three daughters:

''All the rest and residue and remainder of my estate, real, personal and mixed, of whatever kind and character, and wherever situated. But the shares and portions so passing to my three daughters are to be the sole and separate property and estate of each, and to be free from the control, liability or debts of any present or future husband. In this distribution the descendants of any of the above named children who may have died are to represent the parents and take the part that such parent would have taken had she survived.''

In the year 1903 the following codicil was added to the will:

''It is my will that if one dies without heirs that her share of my estate shall be handed over to the other two sisters or their children.''

One of the daughters instituted an action against her two sisters and their children to ascertain, by the court's construction of the will, whether she and her sisters took a fee simple estate or only a defeasible fee in the land left by their mother. It was adjudged by the circuit court that each of the daughters was seized of a fee simple title in an undivided third of the estate, and upon the appeal to this court that judgment was affirmed. In the opinion it is said:

''Coming now to consider the estate Mrs. Prewitt (the daughter bringing the action) has in the land we think she has a fee and not a defeasible fee. It is elementary law in the construction of wills, that the whole of the will, including all codicils, which are to be treated as a part of the will, should be considered in arriving at its meaning as a whole, or in part, and thus reading the will and codicils, we think that the testatrix intended that if either of her children died childless before the period fixed for the distribution of the estate or the time that it should come into their possession, that in such event the share of the one dying childless should go to the survivors, and did not mean that if either of them

died childless at any time the estate should pass to the survivors.

"In support of this construction we find that the testatrix, in the third clause of her will, after providing for the payment of certain legacies, gave without limitation or qualification to her three daughters in equal shares, all of her estate, with the proviso that when it was distributed, the descendants of either of them who may have died should take the parent's share; and it is plain that this direction that the descendants should take the share of the parent, referred to the death of the parent before the period of distribution. In other words, if the devises named in the will were living when the time came to distribute the estate, and which it was contemplated would take place as soon after the death of the testatrix as might conveniently be done, they would take the estate, but if any of them should be dead at this time, then the descendants of the one so dying should take the share of the deceased parent. But in this clause the testatrix made no provision for the contingency that might happen if one of the devisees died before the period of distribution without leaving children, and so she added a codicil providing that if either one of the devisees died before the period of distribution without leaving children, her share should go to the survivors, and this codicil should be read in connection with and as a part of the clause providing for the descent of the estate in the event either of the devisees died without leaving children before the period of distribution. It is true the words 'division' or 'distribution' are not used in the codicil, but it seems quite clear that the testatrix intended that the provision made in this codicil should become operative at the same time that the provisions in the third clause of the will should become operative, which was at the arrival of the period of distribution. There is no language in the will from which it can be reasonably inferred that the testatrix intended by this codicil to refer to a dying without issue at any time, and therefore, under the well settled rule of construction that has frequently been applied we feel authorized to hold that the codicil referred to the death of the devisee before the period of distribution or the time when the estate came into possession. . . . In Kephart v. Hieatt, 25 R. 1602, the same rule of construction is laid down; and so when there is reasonable doubt in the construction of a will that provides for the diversion of the

estate given to a devisee in the event of his dying without issue, we have uniformly ruled that the words 'dying without issue' should be referred to some fixed period rather than to a dying without issue at any time."

The opinion then proceeds to cite and comment upon several of the cases decided by this court (some of them relied on by the appellant here) in which the rule referred to was not applied, and giving the reasons for its non-application.

We think the devises made by the will of R. Caswell Prewitt to his two sons come clearly within the rule stated in Hanna v. Prewitt, *supra,* and the analogous cases therein cited. The words "die without leaving a child or children" as used by the testator in the third clause of his will do not differ in meaning or effect from the words "die without issue," or furnish any greater reason for holding that they mean dying childless *at any time,* than do the words "dying without issue," which in the absence of some other period fixed by the will, we have uniformly held to mean dying without issue in the lifetime of the testator. Nor do the words "die leaving child or children," found in the fourth clause of the will, convey any meaning inconsistent with that of the words "die without leaving a child or children," appearing in the third clause; for in the absence of the fixing of some other period by the will, both expressions must be held to refer to the death of the sons before that of the testator. In which event, in distributing the estate under the will, the child or children of the son dying before the father, would, of course, take the share of the estate devised the deceased parent.

What has been said of the interest taken under the will of the testator by his two sons, applies with equal force to the interest of his widow in the estate devised. That is, the contingency mentioned in the third clause as affecting the third of the estate devised her, must be understood as referring to the occurrence of her death before that of the testator; hence, as she survived him, she also took under the will the fee in that part of the estate devised her. We do not give to the power to sell the property, conferred by the second clause of the will, the effect claimed for it by appellees. It does not determine the character of the title taken by the devisees under the will. The power of disposition conferred is not an unqualified power; it is limited to the right of the devisees to sell for the purpose of dividing the estate,

and is evidently intended to be exercised by them as executors of the will, under their appointment as such by the fifth and last clause thereof.

As we concur in the circuit court's construction of the will, the judgment of that court is affirmed.