## Ward's Guardian v. Ward's Executors.

(Decided October 14, 1927.)

(As extended November 4, 1927.)

## Appeal from Scott Circuit Court.

Wills.—Provision of will that, "if any of my heirs should die without heirs, their part of my estate shall go to my heirs living," held to apply on death of heir at any time, either before that of testator or afterwards.

WARNER E. HAYNES for appellants.

BRADLEY & BRADLEY for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

This case involves the construction of the following will of Edwin Ward, who died a resident of Scott county, in 1926:

"I, Edwin Ward of county of Scott, and state of Kentucky, with sound mind (by the blessing of God), I make this my will, after all my just debts have been paid, and funeral expenses have been paid, wish my estate divided equally between my five children, Vashti, Robert, J. C., May and Harrod. I leave Cary $1.00. I permitted Cary to draw on my bank account from the year 1909 to 1920. I know that he used more than 1/6 of my whole estate which can be seen by my checks. If any of my heirs should die without heirs their part of my estate shall go to my heirs living. I love all my children dearly and hope they may be saved, if it be God's will with an everlasting salvation. I leave Robert and J. C. Ward my executors. I do not want any monument placed over my grave."

All five of the children to whom Edwin Ward devised his estate and who are mentioned in this will survived him. The question presented in this appeal is whether the expression, "if any of my heirs should die without heirs their part of my estate shall go to my heirs living," means a death by such heirs without heirs during the lifetime of the testator or a death by them without heirs at any time. The circuit court in its judgment, expressly relying on the case of Prewitt v. Prewitt, 178 Ky. 346,

198 S. W. 924, held that the expression referred to a death of the heirs without heirs during the lifetime of the testator. In the very recent case of Atkinson v. Kern, 210 Ky. 824, 276 S. W. 977, the express question presented on this appeal, so far as the realty devised by this will of Edwin Ward is concerned, was before this court. We there pointed out how, after the confusion in the authorities on this question had been adjusted in the case of Harvey v. Bell, 118 Ky. 512, 81 S. W. 671, there nevertheless grew up thereafter two distinct lines of authority incompatible and irreconcilable with each other. One of these lines of authority, called in the Atkinson case, supra, "the departing cases," include Calloway v. Calloway, 171 Ky. 366, 188 S. W. 410, L. R. A. 1917A, 1210, and Prewitt v. Prewitt, 178 Ky. 346, 198 S. W. 924, which are relied on in this case to uphold the judgment of the circuit court, so far as the realty involved is concerned. In the Atkinson case we very carefully pointed out the error into which the departing cases had fallen, and therein expressly said that they would no longer be controlling. The language found in the will involved in the Atkinson case, which so far as is pertinent is almost identical with that involved in the present case, was held to create a defeasible fee in the realty, one defeated by the death of the devisee without heirs before or after the death of the testator.

Therefore, so far as the realty is concerned, the Atkinson case is controlling of this question now before us. However, as pointed out in the case of Ireland v. Cooper et al., 211 Ky. 323, 277 S. W. 483, although, where there is no intervening estate and nothing appears in the will to the contrary, the presumption as to realty is that the dying without issue has reference to the death of the devisee at any time, yet the presumption as to personalty is that the dying without issue has reference to the death of the devisee before that of the testator. In the instant case, the testator left a small amount of personalty, and as there is nothing in the will which requires a different construction, the result is, as stated in the Ireland case, supra, that, although the devisees take only a defeasible fee in the realty devised them, they take an absolute title to the personalty.

For the reasons hereinbefore set out, the judgment of the lower court must be reversed, with instructions to enter a judgment in accordance with this opinion.