## Patterson's Executor et al. v. Dean et al.

(Decided December 18, 1931.)

672

C. E. RANKIN for appellants.

L. C. THOMPSON and F. DOUGLAS CURRY, guardian ad litem, for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The problem presented by this appeal is the interpretation of a will, and a definition of the duties of the executor in certain respects.

W. T. Patterson died testate in March, 1931, and his will, together with two codicils, was duly probated. The original will was made in November, 1919, and the codicils were added on January 7, 1929. The original will made provisions for the testator's son and two daughters. The net estate was to be divided into three equal parts, and one-third was devised to a daughter, Mrs. Cora White, in fee simple. The other two parts of the net estate were devised by these items:

"Item 3. I also devise one-third of the residue of said estate to my daughter Mary Catherine Adkerson, wife of Alonzo Adkerson, for and during her natural life; but it is to be well understood that my said daughter is not to be restricted in the use of said devise, either as to the principal sum thereof or the income therefrom, while she lives; and at her demise, whatever portion of said devise may remain unused by her shall pass to and vest in her daughter, Mrs. Cora Dean, the wife of H. T. Dean, for life, with remainder in fee simple to her children, the heirs of her body in equal portions."

"Item 4, I also devise one-third of the residue of my said estate to my son, Dr. John Patterson, of Frankfort, Kentucky, for and during his natural life; but it is to be well understood that my said son is not to be restricted in the use of said devise, either as to the principal sum thereof or the income therefrom while he lives; and, at his demise, whatever portion of said devise may remain unexpended shall pass to and vest in the issue of his body (child or children) and if he shall die without issue of his body alive at the time of his death, said unexpended remainder shall pass to and vest in his nearest blood relations, then living, per stirpes."

The will named testator's son, Dr. Patterson, and his son-in-law, W. R. White, to be executors of the will, both to act without compensation, and without bond.

After the will was written, Mary Catherine Adkerson died, leaving one child, Cora Dean, who had two infant children.

The testator then added two codicils bearing the same date. The first codicil bequeathed $1,000 to Cora White for life, with the remainder to her heirs, which was to be in addition to the devise made to her in the original will.

The second codicil provided that Cora Dean should have one-third of the estate after the payment of $1,000 to Cora White. But it provided that her part of the estate should be invested in land, to be held by the first devisee during life, and then to go to her children. If Cora Dean should die during the infancy of her children, a sale of the land was forbidden until all of the children attained the age of thirty years.

The second codicil also provided:

"I want John (Dr. Patterson) to have one-third of my estate after Cora White gets $1,000. John Patterson to wind up my estate without cost."

Dr. Patterson qualified as sole executor, and, being in doubt as to certain of his duties under the will, sought the aid of the court in the administration of his trust. It appeared that the estate was largely in cash, and the executor distributed to Mrs. White and to Dr. Patterson the sum of $5,000 each. A like sum was set apart for Cora Dean, and, pending its proper investment, it was deposited at interest in a savings bank.

The several questions propounded were these: (1) Did the codicil convert into a fee the life estate given to Dr. Patterson by the original will? (2) Was the executor charged with the duty of investing the share of Cora Dean in real estate as directed in the codicil? (3) Was Cora Dean entitled to the interest accruing upon her share of the estate pending its investment in land?

The chancellor held that the codicil did not change the character of the estate devised to Dr. Patterson, who took merely a life estate in one-third, with power to use to exhaustion, but any residue at his death should go to his child, to be opened up for the admission of any other child or children he might have; that it was the duty of the executor, under the supervision of the court, to make the investment of Mrs. Dean's portion in land; and that Mrs. Dean was entitled to the interest accruing meanwhile. The appeal is prosecuted by Dr. Patterson individually and as executor of the will.

■ The cardinal rule for the construction of wills is that the intention of the testator, as gathered from his entire will, must prevail, unless it is opposed to some provision of law, or offends some general principle of public policy. Bedford v. Bedford's Adm'r, 99 Ky. 273, 35 S. W. 926, 18 Ky. Law Rep. 193; Lightfoot v. Beard, 230 Ky. 488, 20 S. W. (2d) 90. A codicil is but a supplement to a will. And when the purpose manifested by a codicil conflicts with any provision of an original will, the provisions of the codicil must prevail. Prewitt v. Prewitt, 178 Ky. 346, 198 S. W. 924; Jones v. Jones' Ex'rs, 198 Ky. 756, 250 S. W. 92. Effect must be given to the codicil as well as to the will, and if they cannot be reconciled, so that both may stand, the will yields to the codicil. Norton v. Moren, 206 Ky. 415, 267 S. W. 171; Guthrie v. Guthrie's Ex'r, 168 Ky. 805, 183 S. W. 221; Deppen's Trustee v. Deppen, 132 Ky. 755, 117 S. W. 352, 355. "Where a will and codicil are irreconcilable, the codicil, as the last intention of the testator, must prevail." Bosley v. Wyatt, 14 How. 390, 14 L. Ed. 468. In the original will, the interest of Dr. Patterson was limited to a life estate, with broad power to use, and some purpose must have prompted the addition of the codicil. That purpose, it is obvious, was to remove the restrictions placed upon the share of the estate devised to Dr. Patterson. The testator determined that he desired Dr. Patterson to have his third of the estate without restriction, and the codicil was added to accomplish that result. It is equally plain that he desired Cora White to have one thousand dollars before the estate was divided, and then one-third should be given in fee to Dr. Patterson, and a like amount to Cora Dean. That purpose is made more manifest by the meticulous qualifications placed upon the portion of the estate devised to Cora Dean and her children, which was to be invested in land. A life estate therein was devised to Cora Dean, and the remainder given to her children, with a still further limitation upon the right of the children to sell the land until they reached the age of 30 years, provided their mother died during their infancy. It is true it has been said that a codicil is in legal effect a republication of the original will, and the whole must be construed together as if the will had been executed at the date of the codicil. Guthrie v. Guthrie's Ex'r, 168 Ky. 805, 183 S. W. 221. But it must be remembered that a codicil is meant to modify, add to, or alter some provision of the

will, and when the original will creates a life estate, and the codicil devises a fee-simple title in the same property, there is no escape from the conclusion that it was the intention of the testator to bring about the change in the character of estate created that the language imports. Norton v. Moren, 206 Ky. 415, 267 S. W. 171.

The testator understood clearly the difference between a life estate and a fee-simple estate because he dealt with both in the will and codicils. Hence, when he adverted in the codicil to the devise to Dr. Patterson, and stated that he wanted him to have one-third of his estate, without repeating the limitations imposed by the original will, he manifested a plain purpose to remove the restrictions and to give Dr. Patterson his portion in fee, as he had done with the portion given to Mrs. White. It follows that the circuit court was in error in defining the estate devised to Dr. Patterson as less than a fee simple.

■ The original will named two executors, but by the codicil it was provided that Dr. Patterson should execute the will. By the same codicil it was provided that the share in the estate devised to Mrs. Dean should be invested in land, under certain conditions and limitations. Plainly the testator meant for the executor to make the investment; otherwise the will could not be fully executed by him. Indeed the executor is a person appointed by a testator in his will, or any codicil thereto, to carry out his directions or requests in reference to his estate. His duties in general are the same as those of an administrator, except as varied by the terms of the will. 1 Kentucky Judicial Dictionary, 1251; Finley's Ex'rs v. Pearson, 76 S. W. 374, 25 Ky. Law Rep. 766.

It is apparent from the will that the testator reposed entire confidence in his son, and he desired him to carry out all the directions given for the management and disposition of his estate. Hill v. Harding, 92 Ky. 76, 17 S. W. 199, 437, 13 Ky. Law Rep. 380; Wells v. Offutt's Ex'rs, 9 Ky. Op. 335. It is settled that executors possess all the powers conferred by the will. Futrell v. Futrell's Ex'r, 224 Ky. 814, 7 S. W. (2d) 232; Williams v. Williams, 1 Duv. 222. Equally comprehensive must be the authority to make investments for the benefit of the devisees, as directed by the will, 11 R. C. L., sec. 5, p. 22; 23 C. J., sec. 391, p. 1173. But the executor is not precluded from applying to a court of equity for advice and protection in the execution of his trust. Jennings v. F. & C. Trust Co., 240 Ky. 24, 41 S. W. (2d) 537.

The decree in this case provided how a judgment of the court could be obtained to warrant the executor in making an investment. It required the executor to confer with the life tenant and to investigate available investments. The case was retained on the docket so that reports could be filed and advice obtained for the guidance of the executor. It provided also for a notice and hearing and for the taking of evidence. It may well be doubted whether the discretion of the executor should be so hampered and restricted. It goes beyond what is necessary to give him the protection of the court, and curtails the plenary powers of the executor.

The judgment should be modified so as to authorize the executor to apply to the court for advice respecting a proposed investment, leaving the executor free and unfettered in the exercise of his own judgment. It is proper for the guardian ad litem and life tenant to be heard, but we see no reason why the hearing might not be upon affidavits, or orally by the court. The delay in pursuing the practice outlined by the judgment might defeat the very purpose of caution, and deprive the executor of business opportunities valuable to the estate. In view of these considerations, the judgment should be modified, preserving to the executor the right to make application to the court for approval of any proposed purchase, supported by affidavits or other evidence, and providing to the parties in interest an opportunity to be heard. But the actual determination of the investment to be made is for the executor himself.

■ The judgment of the circuit court directed the executor to pay to Cora Dean, the life tenant of one-third of the net estate, the interest accruing on the money set apart for her. The guardian ad litem insists that this was error, and that the accumulated interest on the funds should be invested in real estate with the principal sum. The testator desired to give to Cora Dean a life estate in one-third of his estate, after payment of the debts and specific devises. It is true that he directed her part to be invested in real estate, but it must have been known by the testator that some delay would be encountered in making the investment. If the interest accruing on the fund was not paid to Cora Dean, she would not have the full use of the one-third devised to her until after the executor had made the investment in land and placed her in possession. The executor has a reasonable time to make the investment, and, pending the execution of the

will in that respect, he has prudently placed the fund at interest. Compare 11 R. C. L., sec. 156, page 147. In order to give Mrs. Dean what the testator intended, which was a full life estate in one-third of his net estate, it is necessary to pay her the interest earned by the fund while awaiting permanent investment. Mrs. Dean is entitled to the interest accumulating on the fund set apart for her until such time as she is placed in possession of the real estate purchased with that fund which is to be held by her during life, with remainder to her children, in accordance with the codicil, to the will.

Reference is made in the briefs as to the remaindermen described and included by the provisions of the will. We have no doubt that it refers to the children of the life tenant as a class, and includes those living, as well as any child she may have hereafter. Cessna v. Cessna's Adm'r, 4 Bush 516.

> "It is well settled in this state that, where there is a devise to the children of another than the testator, such devise includes all the children of such person living at the death of the testator as well as any that may thereafter be born, where such person is a near relative of the testator. Lynn v. Hall, 101 Ky. 738, 43 S. W. 402, 19 Ky. Law Rep. 996, 72 Am. St. Rep. 439; Goodridge v. Schafer, 68 S. W. 411, 24 Ky. Law Rep. 219; Pettit v. Norman, 119 Ky. 777, 82 S. W. 622, 26 Ky. Law Rep. 860; Caywood v. Jones, 108 S. W. 888, 32 Ky. Law Rep. 1302; Lamar v. Crosby, 162 Ky. 320, 172 S. W. 693, Ann. Cas. 1916E, 1033; Sutton v. Greening, 164 Ky. 164, 175 S. W. 1." Azarch v. Smith, 222 Ky. 566, 1 S. W. (2d) 968, 969.

The judgment is reversed for a decree in accordance with this opinion.