## Medcalf et al. v. Whitely's Adm'x et al.

March 20, 1942.

Cary, Miller & Kirk and Morton Holbrook for appellant.

Herman A. Birkhead for appellee Adm'x.

Wilson & Wilson for appellee Hunt.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

Margaret E. Whitely died testate, a resident of Daviess County. By the first clause of her will she directed the payment of her debts and funeral expenses. The second clause was as follows:

"2nd. I will and bequeath all the rest and residue of my estate where so ever situated, to my son, L. E. Whitely, provided, however, that if my son, L. E. Whitely shall die before his wife, Mary F. Whitely, then my entire estate at his death is to go to said Mary F. Whitely during her life, this however is not to prevent the sale of any part or the whole of my estate when ever my son and daughter in law or the survivor desire to sell same. And any deed or conveyance that shall be made by my executor when joined by said son and daughter in law is

to pass a good and sufficient title by said conveyance.''

By the third, and final, clause she named her son, L. E. Whitely, executor.

L. E. Whitely was the only child of the testator. He died testate in 1939, survived by his wife, Mary F. Whitely, who was named sole devisee in his will. Mary F. Whitely died testate in 1940. After making a few minor bequests she devised the residue of her estate to the appellees, Mary Jarrot and Alan Hunt.

Margaret E. Whitely, at the time of her death, was the owner of Yellow Bank Island in the Ohio River across from Owensboro, this island constituting the ''rest and residue'' of her estate after the payment of debts.

This action was filed by the appellants, who were the heirs at law of Margaret E. Whitely at the time of the death of L. E. Whitely. They claimed title to this island as heirs of Margaret E. Whitely while the appellees claimed title thereto under the wills of Margaret E. Whitely, L. E. Whitely and Mary F. Whitely. The chancellor adjudged that appellees were the owners of the property and from that judgment this appeal is prosecuted.

It is the contention of appellants that the estate vested in L. E. Whitely under the will of Margaret E. Whitely was a defeasible fee, the defeasance provided being the death of L. E. Whitely before his wife and that they, as heirs at law of Margaret E. Whitely at the time of the occurrence of the defeasance, took title by inheritance from her. On the other hand it is the contention of the appellees that the will of Margaret E. Whitely vested in L. E. Whitely a fee simple with a life estate carved out therefrom in favor of his wife in the event she survived him and that since his wife was sole devisee in his will they, as devisees under the will of his wife, took title to the property in dispute. Other interesting questions are raised and ably discussed in the briefs which it is unnecessary to mention in this opinion in view of the conclusion we have reached.

No citation of authority is required to support the rule that the cardinal principle in construing a will is to arrive at the intention of the testator. So frequently has this been said and written that the remark has become a banality. A reading of the will convinces us that it was

not the intention of the testator to provide a defeasance of the estate vested in her son, L. E. Whitely. The estate vested in L. E. Whitely by the language of the second clause down to the word "provided" was a fee simple, in view of Kentucky Statutes, Section 2342, which provides that unless a different purpose appear, every estate created by deed or will, without words of inheritance shall be deemed a fee simple or such other estate as the grantor or testator had power to dispose of. The fact that there was no devise over after the death of Mary F. Whitely strongly indicates that there was no intention on the part of the testator to defeat the fee simple estate vested in her son. Further, the power of sale vested in the testator's son and his wife gives strength to this position and is indicative of the testator's intention that the son and his wife jointly should have complete power of alienation and disposition of the estate vested in them. The broad power of sale, coupled with the absence of a devise over after the life estate in Mary F. Whitely, is strongly indicative of the testator's intention to vest her son with fee simple title, subject to the life estate carved out in favor of his wife if she survived him. This position also receives support from the presumption against intestacy which is particularly strong where the residuary is disposed of, the rule being that "a residuary clause will be construed so as to avoid partial intestacy unless a contrary intent is apparent." Shaver v. Weddington et al., 247 Ky. 248, 56 S. W. (2d) 980, 984. Another rule of construction furnishing a degree of support for our conclusion is the well known rule that in case of doubt as to the quantity of estate devised the general rule is that the creator of the estate intended it as an absolute rather than a qualified estate. Ream v. Fugate, 265 Ky. 463, 97 S. W. (2d) 11; Grubbs, Ex'r, v. Grubbs, Ex'r, 190 Ky. 258, 227 S. W. 272. Considering the second clause of the will as a whole, we have little, if any, doubt that it was the intention of the testator to vest in her son fee simple title to her estate subject to a life estate carved therefrom in favor of his wife if she survived him.

Appellants contend, however, that even though the testator intended to create a fee simple estate in her son there can be no estate limited after a fee which does not cut short the fee. They further argue that if the devise in question be construed as creating a fee simple with a life estate carved therefrom, such a life estate would be a

floating estate which abides by none of the rules of established real property law. Reduced to its simplest terms, appellants' whole argument is that no interest can be limited by executory devise in partial derogation of a preceding fee; that if the preceding estate is a fee and the next estate does not cut off the fee it would be void as an attempt to create a remainder after a fee; that the only way in which Mary F. Whitely could take a life estate limited on a fee is by a complete cutting off, or defeasance, of the preceding fee.

We readily agree with appellants' argument that there can be no remainder after a fee simple—the rule is so well settled as to require no citation of authority. And we also readily agree with their argument that the devise of the life estate to Mary F. Whitely is an executory devise but we are not in accord with their contention that there can be no executory devise in partial derogation of a preceding fee.

No direct authorities are cited by appellants to sustain their position that there can be no executory devise in partial derogation of a preceding fee and we find the authorities on the subject rather limited. In 21 C. J. 1025 the following statement appears:

> "When an executory interest is limited upon a contingency in derogation of a preceding fee, it has been held that the fee will be completely destroyed by the vesting of such executory interest, although it is but a life estate, but the better rule is that the fee is divested only so far as is necessary to give effect to such executory interest and subject thereto remains in the heirs of the prior devisee in fee."

Cited in support of the minority rule are Doe v. Roe, 1 Houst. 398, 6 Del. 398, and Fearne's Remainders, page 251. Supporting the majority rule among other authorities, are Getenberg v. Morgan, 1876, 1 Q. B. D. 685, and Jarman on Wills. In the English case the devise was to E. C. and her heirs but if she died without lawful issue, "unto the nine children of J. A., to be equally divided among them share and share alike." E. C. died leaving no issue. One of the nine children of J. A. survived E. C. It was held that the executory devise over to the children of J. A. created a tenancy in common for life only and that this executory devise affected the previous estate in fee given E. C. to the extent of such life estates only

and that subject to the life estate the property remained in E. C. and her heirs. The concluding sentence of the opinion was:

"The true rule seems to be that the executory devise takes away from the previous estate in fee only so much as is necessary for the executory devise itself; and after the death of the surviving tenant for life the estate reverts to the heirs of the previous devisee in fee."

In Chapter 26 of Jarman on Wills (5th Edition) appears a full discussion of executory devises and bequests and in the discussion of executory devises in partial exclusion of preceding fees the author concludes this phase of the question by saying:

"On the same principle as that which governs devises of realty it would seem to follow, that, if personal estate were bequeathed in terms which, standing alone, would confer the absolute interest, and there followed a bequest over in a certain event to a person for life, the first legatee would, subject to such executory gift for life, be absolutely entitled."

And in commenting on Fearne's position, that a condition or limitation must defeat a preceding estate, the author, in a footnote on page 488, said:

"but it is difficult to perceive upon what principle any objection can be advanced to an executory devise, to take effect in partial derogation of a preceding estate, on the ground that it defeats that estate in part only;"

In Sutton v. Greening, 164 Ky. 164, 175 S. W. 1, 2, the devise was to the testator's son, with the provision that if the son should not live until his youngest child living should arrive at the age of 16 years the farm should be a home for his son's wife and children until that period arrived. It was held that the son took a fee simple but could not dispose of the farm so as to defeat the right of the wife and children to a home. In the course of the opinion the court said:

"The fee was devised to the son, with limitations over upon a condition of an uncertain character. The limitation over was executory in character. It is unlike a case where the party is given the fee-simple title with simply a restriction upon aliena-

tion, but it is a devise of the fee-simple estate with a condition annexed to it.''

That decision is, of course, authority that, by executory devise, a term for years may be carved out of a preceding fee simple—if a term for years may be carved out, it logically follows that a life estate may also be carved out.

In the light of these authorities we are convinced that a life estate may be carved out of a preceding fee simple by executory devise and that the fee is divested only so far as is necessary to give effect to the executory life estate and, subject thereto, remains in the heirs of the prior devisee in fee. We see nothing in such a ruling violating the settled rules of property law. On the contrary such a rule seems to be in accord with the weight of authority.

It is our conclusion that the second clause of the will vested the fee simple in the testator's son, subject to the life estate created in the son's wife. Since the son devised all of his property to his wife, who, in turn, devised it to the appellees, they, the appellees, have good fee simple title thereto.

Judgment affirmed.