**BOGIE et al. v. BRITTON et al.**

Court of Appeals of Kentucky.
June 5, 1953.

Rehearing Denied Dec. 18, 1953.

Weldon Shouse, Julian W. Knippenberg, Lexington, for appellants.

Geo. E. Barker, Lexington, for appellees.

STANLEY, Commissioner.

We have for interpretation so much of the will of the late Be Bogie as relates to the devise of his farm. The trial court held testator's two children were given life estates (subject to the previous life estate of their mother, now deceased) with the remainder in fee going to their children.

By Item V of the will, testator devised the farm to his wife, Verdie Bogie, "during her natural life or so long as she remains my widow." The Item then reads:

> "At the death of my said wife, or in the event of her remarriage, I give and devise aforesaid realty, and bequeath all of the income therefrom and personalty (other than that which is mentioned in Item IV, which I have hereinabove bequeathed to my wife, Verdie Bogie) and of which she may be possessed either at her death or remarriage, to my two children, Bernie Bogie Mixon and Orville Bogie and their heirs equally: Provided, however, that said realty shall not be sold until the death of my said children, Bernie Bogie Mixon and Orville Bogie."

On the same day the will was executed, May 25, 1929, Bogie added a codicil to "modify my will." Item III of the codicil reads:

> "It is my desire and purpose that my two children shall only have during their lives the income from said farm after the re-marriage or death of my wife, Verdie Bogie."

At that time his daughter was married and his son was eleven years old. Bogie died soon after he executed his will. His widow, without having remarried, died twenty years later. The question of title was raised between the daughter and the son on one side and their children and grandchildren on the other. The appellants contend that the testator devised a fee

title to testator's two children and that the provision that the farm should not be sold until they had died, was invalid as an unreasonable restraint on alienation. They rely on Meisberg v. Bryant, 184 Ky. 600, 212 S.W. 600; Cammack v. Allen, 199 Ky. 268, 250 S.W. 963; Winn v. William, 292 Ky. 44, 165 S.W.2d 961.

■ The codicil qualified the original devise and in effect republished it as modified. Ward v. Curry's Ex'r, 297 Ky. 420, 180 S.W.2d 305. In the codicil the testator stated his purpose to be that his two children "shall only have during their lives the income from said farm after the remarriage or death of my wife, Verdie Bogie." The differences between the provision of the original will and the codicil will be reconciled consistent with the provisions of the codicil as being the testator's last expression of his intent. Patterson's Ex'r v. Dean, 241 Ky. 671, 44 S.W.2d 565; Lightfoot v. Beard, 230 Ky. 488, 20 S.W. 2d 90; Robinson's Ex'rs v. Robinson, 297 Ky. 229, 179 S.W.2d 886. We believe a fair composite paraphrase of the devise of the farm following the life estate given their mother to be: "I give only the income from my farm to my two children, Bernie Bogie Mixon and Orville Bogie, equally during their lives, and direct that the farm shall not be sold until after their death. The remainder interest is given to their heirs or descendants per stirpes."

It is sometimes difficult to determine whether merely giving the rents and profits from real estate bestows a life interest in real estate from which the income is to arise or passes absolute title in the absence of anything in the context of the will to indicate a contrary intention. See Lossie v. Central Trust Co., 219 Ky. 1, 292 S.W. 338; Shedd's Adm'r v. Gayle, 288 Ky. 466, 156 S.W.2d 490. But we have here an express intention of giving "only" the income to his two children and a gift over of the corpus of the property to the testator's children's "heirs equally." This fact shows that by devising only the income to his own children, testator did not intend to pass the entire title to the property to his own children. Bain v. Hardin, 223 Ky. 792, 4 S.W. 2d 745; Page on Wills, Sec. 961. More-

over, coupling the gift of the income with the prohibition of sale of the farm during their lifetime evidences a clearer intent to give his children only a life estate. Mayes v. Karn, 115 Ky. 264, 72 S.W. 1111; Woods v. Hughes, 290 Ky. 99, 160 S.W.2d 339. The gift over to the "heirs" of the life tenants undoubtedly was used in the sense of "children," as words of purchase rather than as words of limitation. Patterson's Ex'r v. Dean, supra; Campbell v. Prestonsburg Coal Co., 258 Ky. 77, 79 S.W.2d 373.

■ It cannot be gainsaid that restraint of alienation of property during the term of a life tenancy is valid.

The judgment is affirmed.