M. S. Mahurin, Henderson, for appellants.

Dorsey & Dorsey, Henderson, for appellees.

## STARK et al. v. GIBBONS et al.

Court of Appeals of Kentucky.

June 12, 1953.

WADDILL, Commissioner.

Appellees brought this suit for a declaration of rights arising under the will of Alice Gibbons Powell as affected by the codicil thereto. The judgment of the circuit court declared that the will was partially revoked by the codicil, and further adjudged appellees, Ralph Gibbons and Alise Knox to be sole owners in fee simple in equal parts of certain realty in Corydon, Kentucky, known as the hotel property.

Appellants are the children of appellee, Alise Knox, who were adjudged to have no interest in or ownership of the hotel property.

Alice Gibbons Powell died September 5, 1952. Her will was dated June 14, 1944. Pertinent parts of the will of Alice Gibbons Powell are as follows:

" 'Second.

I, Will, Give, Bequeath and devise unto my Son Ralph Gibbons, and my Grand-Daughter, Maud Alice Gillespie, my estate both real. and personal, equally and jointly, the principal and most valuable of my estate being the home place at North. Corner of Main and Fifth St, conditioned in the third paragraph following as to the said home as to how and when divided, between my said Son and Grand-Daughter.

" 'Third.

My said home being new, and a valuable heritage, and that it be not sold neither divided for Five (5) years after my decease, but be jointly owned, by my Son Ralph Gibbons and Grand-Daughter, aforementioned, they to arrange the terms agreeably between themselves as to the occupancy by one or both during the five years. Then at the end of the five (5) years they may divide or sell and divide the proceeds between them as follows Viz: Ralph taking his part in full, and Maud Alice Gillespie's part to be invested in this home or another, during and for her natural life, descending then to her bodily heirs, That my Executor carry out this clause to the letter, My full purpose being to provide a home for her during her life, and then to her children. Which home when purchased, to be fully paid for, free from incumbrances whatever."

The codicil, dated March 4, 1950, entirely in the testatrix's handwriting, reads: " 'Ralph and Alise

It has been 6 yrs since I made this will. Things have changed and you dont have to do this. Settle between your selves.

Monnie

Mch. 4th/50' "

The circuit court held that the codicil, as the last. expression of the intent of the testator, revoked the following portion of the second paragraph:

" * * * conditioned in the third paragraph following as to the said home as to how and when divided, between my said Son and Grand-Daughter."

The court further adjudged that the codicil revoked the third paragraph in its entirety.

The cardinal. rule for the construction of wills is that the intention of the testator as gathered from his entire will must prevail, insofar as it is not contrary to public policy. A codicil is a supplement to a will, the last expression of the intention of the testator, and effect must be given to the codicil as well as to the will. If they cannot be reconciled so that both may stand, the will yields to the codicil. Patterson's Ex'r v. Dean, 241 Ky. 671, 44 S.W.2d 565; Norton v. Moren, 206 Ky. 415, 267 S.W. 171; Prewitt v. Prewitt, 178 Ky. 346, 198 S.W. 924.

The record discloses that conditions had changed respecting the situations of all the parties concerned between 1944, when the original will was executed, and 1950, when the codicil was appended to the will. In that interval the grand-daughter of testatrix married Wesley Knox and moved to Evansville, Indiana, and Ralph Gibbons went into business in Terre Haute. The children of Alise Knox, appellants herein, accompanied their mother to Evansville. The evident purpose of the testatrix in restricting the sale of the property for five years was to provide a home for any of the parties to this suit if such should be necessary. By 1950 it was apparent to her that none of them would want to live in the hotel property in Corydon and that no purpose could be served by restricting their right to sell the property after her death.

It is this Court's opinion that the Chancellor correctly determined that it was the testatrix's intent as disclosed by her codicil to revoke the portions of the will described above.

Judgment affirmed.