In the Matter of the Estate of MILDRED COLE, Deceased.

Surrogate's Court, Westchester County, April 8, 1937.

*Irwin Steinberger*, for Frank A. Bresslau, as executor, etc., petitioner.

*Ernest J. Aries*, special guardian.

SHEILS, S. In this accounting proceeding the executor has requested a construction of paragraphs second, sixth, seventh and ninth of the will.

The decedent died in Yonkers, N. Y., on October 12, 1935, leaving a will dated August 13, 1934, admitted to probate on January 23, 1936.

Her distributees are Elias Cole, her husband, and Herbert L. Cole, a nephew. The will reads as follows:

" I, Mildred Cole, declare this to be my last will and testament. I hereby revoke and cancel and annul all former wills.

" *First.* As soon after my death as is possible I desire that my funeral expenses be paid.

" *Second.* I bequeath the sum of One Hundred Dollars ($100) to the Salem Fields Cemetery, this sum to be used solely for the maintenance and upkeep of the Ulmer plot. Should Salem Fields Cemetery not agree to these terms I desire that this sum be set aside by my executor and used for maintenance and upkeep of the plot.

" *Third*. To my husband, Elias Cole, I bequeath the sum of One Dollar ($1.00) and a forgiveness of his debts and obligations to me, contracted by him during my lifetime.

" *Fourth*. To my nephew, Herbert L. Cole, I bequeath the sum of One Dollar ($1.00) and a forgiveness of his debts and obligations to me, contracted by him during my lifetime.

" *Fifth*. The balance of my estate, both real and personal, I desire to be divided into three equal shares or parts.

" *Sixth*. To my grandniece Leatrice Cole, I bequeath one of these parts, the principal to be held in trust until she reaches the age of twenty-one years. In the event of her demise before Leatrice Cole attains that age, 21 years, this part shall then be equally divided between Robert E. Bresslau and Frank A. Bresslau.

" *Seventh*. To Robert E. Bresslau, I bequeath one of these parts, the principal to be held in trust until he reaches the age of thirty years. In the event of his demise, before Robert E. Bresslau attains that age, 30 years, that share is to be equally divided between Leatrice Cole, her principal sum to be held in trust as in item Sixth, and Frank A. Bresslau.

" *Eighth*. To Frank A. Bresslau I bequeath one of these parts.

" *Ninth*. It is my desire that Frank A. Bresslau be appointed sole executor without bond and shall act as trustee of the sums bequeathed to Robert E. Bresslau and Leatrice Cole."

The net amount available for distribution is $990.68, subject to commissions and costs of the accounting. The husband has elected to take against the terms of the will and has received $250 on account. Frank A. Bresslau, one of the legatees, has received $25 on account of his legacy.

The Salem Fields Cemetery has renounced the legacy given to it under paragraph second of the will. The testatrix evidently foresaw what might happen, for she provided that, should the cemetery " not agree to these terms I desire that this sum be set aside by my executor and used for maintenance and upkeep of the plot."

If the Ulmer plot is the one in which the decedent is interred, the sum of $100 may be expended by the executor for the maintenance and upkeep thereof. Perpetual care of a decedent's burial plot is included within the term " funeral expenses " as defined by subdivision 3 of section 314 of the Surrogate's Court Act.

By paragraph sixth of the will the testatrix attempted to create a trust of one-third of her residuary estate during the minority of her grandniece, Leatrice Cole, and by paragraph seventh a trust of another third for Robert E. Bresslau until he reaches the age of thirty years. I hold that, inasmuch as no active duties were imposed

upon the trustee, these are dry or passive trusts, and that the legacies are payable directly to the beneficiaries. (Real Prop. Law, § 93.) In the case of Leatrice Cole, an infant, it appears that her legacy will amount to less than $100, and it may, therefore, be paid to her father, Herbert L. Cole, for her use and benefit. (Surr. Ct. Act, § 271.)

As to paragraph ninth, the trusts set up in the will having failed, there is no necessity for the appointment of a trustee.

The commissions of the executor will be computed by the accounting department and inserted in the decree.

Submit decree accordingly.