## Fidelity & Columbia Trust Co., Inc., et al. v. Vivian.

May 21, 1943.

William Marshall Bullitt and Leo T. Wolford for appellants.

Ernest N. Fulton for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

In 1932 Mattie Wilson, a resident of Nelson County, executed her will, naming therein Wilson & Muir Bank, a corporation, as its executor, the duties of which it was authorized to perform. It qualified as such upon the probating of the will of testatrix. She created certain trusts in her will and designated appellant, Fidelity & Columbia Trust Company of Louisville, Kentucky, as trustee in each of them. At that time she had three brothers, Claude Wilson, Ernest Wilson and Leon Wil-

son—the latter two being then confined in the Central State Hospital for the Insane—to each of whom she devised $3000 "in trust in the Fidelity & Columbia Trust Co., the income to be used for their support at their death goes to my niece Mrs. Louis Vivian, Louisville, Ky."

In 1935 testatrix executed a codicil to her will, in which she said: "It is my desire that my two brothers, Leon Wilson and Ernest Wilson, shall each receive $5,000.00 from my estate instead of the $3000.00 before named and that the amount that each shall receive shall be placed with the Fidelity & Columbia Trust Co., of Louisville, Kentucky, as Trustee for them. I further devise and will that Claude Wilson shall receive $10,000.00 from my estate instead of $8,000.00 named in the foregoing Will." It will be perceived that the only change made by the codicil, in the benefits conferred by the original will upon her two brothers, Ernest and Leon Wilson, was an increase of the amount devised to them in the original will from $3,000 to $5,000 each, and upon which they were to receive the income from its investment by their trustee, designated in the will for that purpose. However, the codicil increasing the amount of such benefits did not repeat (as she had stated in her will) that appellee, Mrs. Louis Vivian, should receive the enlarged corpus of the trusts after the death of the two beneficiaries in them.

Ernest Wilson died in January, 1943, while still confined in the State Hospital for the Insane, but Leon Wilson, who is also confined in the same institution, is still living. Plaintiff and appellee, after the death of her uncle, Ernest Wilson, asserted claim to, and demanded the payment of the $5,000 trust fund created by the will of testatrix for his benefit which the original will had prescribed, as we have seen. The trustee declined to grant her request, since it entertained a doubt as to whether or not the codicil executed by testatrix to her will revoked the remainder interest of the trust fund given by the original will, by failing to repeat in the codicil the same disposition in remainder after the death of the cestui que trustent.

Appellee filed in the Nelson Court this declaratory judgment action against all other interested parties, seeking a declaration of her rights in the funds referred to, which she claimed was absolute and to which she is now entitled. The various defendants answered admit-

ting the facts as set out in the petition, to which was filed as exhibits both the will and codicil. They expressed their doubts, as above indicated, and declared—as was done in the petition—that there was a bona fide controversy within the purview of our Declaratory Judgments Act, which is section 639a—1 et seq., in our Civil Code of Practice. The cause was then submitted on the pleadings and judgment was rendered in favor of plaintiff and appellee, from which defendants prosecute this appeal.

Only the Fidelity & Columbia Trust Company, one of the appellants, has favored us with a brief, and counsel filing it makes no vigorous protest against the judgment of the trial court, except to say: "But in the codicil she makes no reference to any gift over in remainder to Mrs. Vivian and, therefore, the funds would go under the residuary clause of the original will to the Fidelity & Columbia Trust Company in trust for Claude Wilson."

In 28 R. C. L. 199, section 157, the text says: "It is the well settled general rule that a will and codicil are to be regarded as a single and entire instrument for the purpose of determining the testamentary intention and disposition of the testator, and both instruments together will be construed as if they had been executed at the time of the making of the codicil." Further along in the same section it is said: "The testator's purpose in making the codicil may be found in the codicil itself, and in construing a will and codicil, a disposition made by the will is not to be disturbed further than absolutely necessary to give effect to the codicil. A codicil will not be allowed to vary or modify the will, unless such is the plain intent of the testator. A revocation by a codicil of a gift in the will extends only so far as the will is inconsistent with the codicil, and a gift once made by will is not to be cut down by a subsequent codicil unless the intention of the testator to that effect appears clearly or by necessary implication."

To the same effect are all other treatises dealing with the same question so far as we have been able to discover, including the very late work of Page on Wills, Volume I, beginning on page 847, section 467, in which the author states on page 849, that "A provision which creates a trust is not revoked by a provision in a codicil which changes the amount of such gift." The same question was before this court in the cases of Norton v.

Moren, 206 Ky. 415, 267 S. W. 171, and Lightfoot v. Beard, 230 Ky. 488, 20 S. W. (2d) 90, in each of which we approved the doctrine contained in the excerpt from R. C. L., supra, to the effect that a codicil would not be construed "to disturb the dispositions of the will further than is absolutely necessary for the purpose of giving effect to the codicil * * *;" and that "An expressed intention to change a will in one particular negatives by implication of an intention to alter it in any other respect." To the same effect is the earlier case of Armstrong v. Armstrong, 14 B. Mon. 333, and the text in 40 Cyc. 1420. In this case, testatrix in the codicil to her will expressed only a purpose to increase the amount of the the trust fund for the benefit of her unfortunate brothers during their respective lives, but in which she employed no language implying any intention to revoke the remainder interest in the trust funds as she had provided in her original will.

From the cited authorities and many others that might be cited (since we have found none to the contrary embodying the same facts) it clearly appears that the court properly adjudged the issue presented and that its judgment should be, and it is, affirmed.

Whole Court sitting, except Chief Justice Fulton.