In the Matter of the Will of ADELE BERKEL, Deceased.
HERMAN B. FORMAN, Petitioner; WILHELM HALSTEIN et al.,
Respondents.

Surrogate's Court, Queens County, September 14, 1944.

*Geis, Forman & Schulze* for petitioner.

*James L. Duncanson,* attorney designated by Alien Property Custodian, for Wilhelm Halstein and others, distributees, respondents.

*Myron Wisoff,* special guardian for Wilhelm Halstein and others, distributees, respondents.

*Victor Levin,* special guardian for Anita Ermel and others, legatees, respondents.

*Nathaniel L. Goldstein, Attorney-General of the State of New York.*

SAVARESE, S. Adele Berkel died on January 17, 1943, leaving a last will and testament dated November 22, 1939, and two codicils thereto dated October 9, 1942, and December 30, 1942, which have been admitted to probate. She left no spouse or children surviving her. All her next of kin and all her legatees, save one, are residents and nationals of Germany.

By this proceeding the executor seeks a construction of the seventh paragraph of the will and the third paragraph of the first codicil which provides as follows:

" SEVENTH. All the rest, residue and remainder of my property, whether real, personal or mixed and wheresoever the same may be located, I direct my executors to convert into cash and divide and pay over the same in equal parts among my following seven nephews and nieces:

1) One part thereof to my nephew, HANS RAPPOLT.
2) One part thereof to my niece, ELSIE RAPPOLT.
3) One part thereof to my nephew, HEINZ RAPPOLT.

4) One part thereof to my niece, ELSIE BACH.
5) One part thereof to my niece, MARIA PROSKE.
6) One part thereof to my nephew, LEO PROSKE.
7) One part thereof to my niece, ANITA ERMEL.

" Should my niece, Maria Proske, predecease me, then I direct that the share that she would have received, if living, shall be paid over to my nephew, Leo Proske. Should my nephew, Leo Proske, predecease me, then I direct that the share that he would have received, if living, shall be paid over to my niece, Maria Proske.

" In the event that any of my other nephews and nieces predecease me, then I direct that the child or children shall receive in equal shares the share its parent would have taken if living. In the event, however, that any such legatee predecease me, leaving him or her no issue surviving, then such legacy shall lapse and become part of my residuary estate and be divided in equal shares among the remaining residuary legatees above named."

" THIRD. All my residuary legatees reside in Germany. Should I die before the termination of the existing War between the United States and Germany, then after the payment of the legacy to SELMA VOLLRATH and my debts, funeral and testamentary expenses, I direct my friend and attorney, HERMAN B. FORMAN, to hold in trust the remainder of my estate, including all my jewelry, until lawful communication can be established by him with my nephew, HANS RAPPOLT, or until the termination of the said War, so that HERMAN B. FORMAN, as such Trustee, can then make distribution according to the directions of paragraphs " FIFTH " and " SEVENTH " of my said Will. For that purpose I appoint him also as Trustee with the same rights as given him as Executor under paragraph " NINTH " of my Will and also with all the powers and authority he may require for the purpose of preserving the said remainder of my estate for the time, period and purposes aforesaid.

" Should my said nephew be dead at the end of the said war or when lawful communication is established with Germany, then I direct my said Trustee to make arrangements with his wife, BERTA RAPPOLT, (or in case of her death, my niece, ELSIE SCHON) for the performance of the things HANS RAPPOLT would have done under paragraph " FIFTH " of my will, had he survived.

" I direct that no part of my estate shall be deemed to vest in any person named in paragraphs " FIFTH " and " SEVENTH " unless such person survives the termination of said War or the time when lawful communication has been established by my

trustee with my nephew, HANS RAPPOLT or his wife, BERTA RAPPOLT."

It is evident from the language of the will the dominant intention of the testatrix was that her residuary estate should be converted into cash and divided equally between her seven named nephews and nieces. An absolute gift was intended and effectuated unless it has been cut down or destroyed by the codicil. The rule is well settled that the will and codicil should be construed as parts of the same instrument and that the provisions of the will should not be disturbed further than is necessary to give effect to the codicil. (*Herzog* v. *Title Guarantee & Trust Co.*, 177 N. Y. 86; *Goodwin* v. *Coddington*, 154 N. Y. 283; *Hard et al.* v. *Ashley et al.*, 117 N. Y. 606.) A codicil will not operate as a revocation of a previous testamentary provision beyond the clear import of its language (*Redfield* v. *Redfield et al.*, 126 N. Y. 466). It is to be noted that here the codicil makes no express revocation of the valid gifts given by the seventh paragraph of the will. In the two instances where gifts in the will were disturbed by the codicil testatrix used appropriate words such as " cancel and annul ". Yet with respect to the gift of the residuary estate contained in the will the codicil neither substitutes any new legatees nor makes any change in the number or shares of those mentioned in the earlier instrument. The codicil must be interpreted in the light of the conditions prevailing at the time it was executed. It indicates on its face that the testatrix was aware of the existence of a state of war between Germany and the United States and realized that, if it continued after her death, transmission of the intended gifts to her relatives in Germany would not be possible. Mindful of this possibility she or the draftsman conceived the idea of having her attorney " hold in trust the remainder of my estate, including all my jewelry, until lawful communication can be established by him with my nephew, Hans Rappolt, or until the termination of the said War * * *. For that purpose I appoint him also as Trustee with the same rights as given him as Executor under paragraph 'Ninth' of my will and also with all the powers and authority he may require for the purpose of preserving the said remainder of my estate for the time, period and purposes aforesaid." The ninth paragraph of the will contains no grant of trust powers and merely appoints the same attorney and another person executors without bond. In my judgment the last-quoted language of the codicil merely appoints the attorney a custodian, imposes no active duties upon the trustee, and creates no trust. The legal title passes directly to the beneficiaries and

the so-called trustee takes nothing. (Real Property Law, § 93; *Jacoby* v. *Jacoby,* 188 N. Y. 124; *Townshend* v. *Frommer et al.,* 125 N. Y. 446; *Woodgate et al.* v. *Fleet et al.,* 64 N. Y. 566; *Matter of De Rycke,* 99 App. Div. 596; *Matter of Cole,* 163 Misc. 102.) If the codicil had concluded with the foregoing paragraph the absolute gifts in the will would remain unaffected. However, the final paragraph of the codicil directs: " that no part of my estate shall be deemed to vest in any person named in paragraphs ' Fifth ' and ' Seventh ' unless such person survives the termination of said War or the time when lawful communication has been established by my trustee with my nephew, Hans Rappolt or his wife, Berta Rappolt." The effect of this clause is to make the payment of the legacies to the legatees named in the fifth and seventh paragraphs of the will subject to their survivorship at the termination of the war between Germany and this country or at the time when lawful communication has been established by the so-called trustee with decedent's named nephew or his wife. To the extent indicated the codicil effects a modification of the absolute gifts made by the will. Until either of the contingencies happens it is not possible to determine the identity of the legatees entitled to take. It may be that by the time the accounting has been had the conditions may be such as to enable the Surrogate to make a complete and final determination. If at such time there has been no change in existing conditions the decree on the accounting may contain a reservation for the determination by supplemental decree of the question of survivorship after a further hearing on notice to the parties who would take in the event any one of the legatees died prior to the times specified.

While the will confers no express power of sale upon the executors the direction to convert the residuary into cash and divide the proceeds cannot be fully complied with without a sale of the real estate. (*Salisbury* v. *Slade,* 160 N. Y. 278; *Matter of Cooley,* 166 Misc. 740; *Matter of Macaulay,* 173 Misc. 887.) The testatrix clearly intended that her real estate should be converted into personalty and that her legatees should receive money and not land. The power thus implied is not affected, impaired or extinguished in any manner by the codicil.

Compensation of petitioning attorney-executor is fixed and allowed in the sum of $1,000. Submit decree construing the will accordingly, on notice.