In the Matter of the Accounting of IRVING TRUST COMPANY, as Temporary Administrator and Executor of the Will of DIETRICH ENGELKING, Deceased.

Surrogate's Court, Kings County, June 14, 1945.

*William D. Tucker* for temporary administrator and executor.

*Edward A. Vosseler*, special guardian for Friedrich Hotze and another.

*Crawford W. Hawkins,* attorney designated by Alien Property Custodian.

*Corner, Bell, Russell & McNulty* for Thoracic Hospital.

McGAREY, S. The accountant, incidental to the judicial settlement of its account, seeks a construction of testator's will, particularly paragraph " Fifteenth " thereof. Under the provisions of paragraphs " Second " to " Eleventh " inclusive, of the will, dated May 19, 1939, testator bequeathed general legacies in varying amounts to his nieces and nephews, designated therein as residents of Germany. Provision for payment to the issue of two of the legatees, under paragraphs " Tenth " and " Eleventh " is made in the event the appointed legatees should predecease the testator. The will further provides, under paragraph " Fifteenth " thereof that in the event, at testator's death, there was in effect a law prohibiting the transfer of legacies and distributive shares to Germany from American estates, then and in that event the legacies to persons residing in Germany shall be deemed revoked and void, with alternative provision for the distribution of the legacies so bequeathed. Testator died on December 8, 1943.

It is well settled that a testator may attach conditions to his gifts and it is not the province of the court to pass upon the reasonableness thereof or whether such conditions are sensible or otherwise. (*Oliver* v. *Wells,* 254 N. Y. 451.) Here testator has seen fit to attach to his gifts a condition which is not unlawful or against the public policy of the State. (*Matter of Liberman,* 279 N. Y. 458.) At the time of testator's death, the regulations of the Alien Property Custodian, issued under the authority of the Trading with the Enemy Act of 1917 (U. S. Code, tit. 50, Appendix, § 1 *et seq.*), prohibited the transfer of any property to residents of Germany. Whether payment of a legacy bequeathed to a resident of an enemy country, without such condition might only be temporarily delayed, is not material, since under the terms of the will such legacies were revoked if the legatees were, at the time of testator's death, actually resident in Germany. The legacies were bequeathed with a condition precedent and if the condition existed at testator's death no interest vested in the legatees resident in Germany and the alternative disposition would be effective.

The legatees were residents of Germany at the date of the execution of the will and there is some proof of communication from them, originating in Germany, later in that year. There is, however, no proof whether the legatees were resident in

Germany at testator's death or whether the niece and nephew mentioned in paragraphs "Tenth" and "Eleventh" survived testator, or, if they or either of them predeceased, whether they left issue residing in places other than Germany. In view of the lack of proof and in justice to all parties in interest the court will reserve the question until proof of the place of residence of the legatees at the time of testator's death is available, or, if they predeceased testator, establishment of that fact.

The decree to be entered herein will: (1) Construe paragraph "Fifteenth" of the will as above indicated; (2) Contain a direction to withhold the amounts of the legacies under paragraphs "Second" to "Eleventh" inclusive until determination of the existence and places of residence of such legatees at the date of testator's death; (3) Place the issue as to the existence and residences of such legatees at the date of testator's death on the reserved calendar, to be restored for trial on ten days' notice, and (4) Settle the account as filed, with reservation as herein provided.

Submit decree, on notice, accordingly.