In the Matter of the Accounting of FRANK ROSENBLUM et al., as Executors of MILLIE SIMON, Deceased.

Surrogate's Court, Bronx County, February 4, 1946.

*Lehrich & Lehrich* for objectants.

*Frank Rosenblum* for petitioners.

*Joseph Donald Moore,* attorney designated by the Alien Property Custodian, for Mores Simon, respondent.

*Julian Buchbinder,* special guardian for infant children of named beneficiaries.

*Arthur Wachtel,* special guardian for Frank Simon, Jr., infant.

HENDERSON, S. The decedent herein died on the 10th day of January, 1943.

In her will she divided her residuary estate into sixteen equal parts, four of which were given outright to certain named legatees. The remaining twelve equal parts were given " to my executors and trustees * * * in Trust Nevertheless, and to be held as twelve (12) separate and distinct trusts for the following purposes: One part or share shall be paid to each of the following persons, only when they shall have established to the satisfaction of my Executors and Trustees that they have attained Sixty (60) years of age, to wit " (here are set forth the names of twelve persons). " If any of the said twelve (12) persons hereinabove named shall die before attaining the age of Sixty (60) years of age, I hereby direct that the part of share intended to be paid to the said deceased person or persons, shall upon the said decease be paid to his or her surviving childrer and if there be no surviving children, then and in that event it shall be paid to his or her next of kin, share and share alike, per stirpes and not per capita ". She further provided that the trust funds shall be kept on deposit in any savings bank in the city of New York.

All of the parties who have appeared herein agree that the trusts attempted to be set up by the testatrix are dry or passive.

Counsel for eleven of the twelve named beneficiaries contend however, that the corpus of each passive trust should be paid immediately to such beneficiaries none of whom has reached sixty years of age. A demand is made for such payment.

The special guardian for the infant children of the twelve named persons who are to share in the estate if their parents fail to reach the specified age opposes this demand.

The court denies the requests for immediate payment and sustains the contention of the above-mentioned special guardian.

Inasmuch as no active trust duties or functions are imposed by the terms of decedent's will upon the persons designated as trustees, the court concurs with the statement of counsel that the projected trusts are passive (Real Property Law, § 93). As a result they transmit no title to the trustees but devolve " it directly upon those entitled to the ultimate beneficial estate." (*Jacoby* v. *Jacoby,* 188 N. Y. 124, 129.)

The twelve named individuals are beneficiaries but are not necessarily the " ultimate beneficiaries ". The decedent clearly directed that payment of the respective shares should be withheld and payment made only when each of the beneficiaries reached age sixty. She made a gift over in the event of a failure to reach such age.

As a result of these provisions of the will, the beneficiaries are possessed of a contingently vested interest in this estate, subject to being divested in the event of death prior to the arrival of the time for distribution (*Matter of Cregan,* 275 N. Y. 337; *Matter of Jurgens,* 153 Misc. 118).

The result which flows from the creation of a passive or dry trust is that the entire estate, legal and equitable, vests in the beneficiaries subject however to such conditions as would have attached to the legal estate had the title vested in the trustees according to the terms of the will (Real Property Law, §§ 92, 93; *Rawson* v. *Lampman,* 5 N. Y. 456). Therefore, until the happening of the contingencies prescribed by the terms of the will, no right to payment exists (*Jacoby* v. *Jacoby, supra; Matter of Berkel,* 184 Misc. 711).

In view of the nature of the beneficiaries' ownership however, they are entitled to the income arising from the attempted trusts (*Matter of Shupack,* 158 Misc. 873).

The will is construed accordingly. In order to carry out the intention of the testatrix, the decree to be entered hereon will direct the executors to deposit the funds to be distributed, in any savings bank in the city of New York, in their names as executors to be administered by them in accordance herewith.

All other objections to the account have been withdrawn in accordance with a stipulation entered on the record.

Settle decree accordingly.