In the Matter of the Accounting of JOHN J. FLEMING, as Executor of ETHELIND BOLTON, Deceased.

Surrogate's Court, New York County, June 6, 1949.

*Harry N. French* and *Donald G. McCallion* for executor, petitioner.

*Harry Rappaport* for Franz H. Armbruster, as trustee under the will of Ethelind Bolton, deceased, respondent.

*Rogan & Rogan* for Ivy M. Bolton and another, respondents.

*John J. Fay*, special guardian for Mary Fleming, an infant, respondent.

COLLINS, S. The accounting executor asks a construction of the codicil, which reads: " If, at the time of my death, I own any shares of the stock of The Electric Meter Corporation  *  *  * I hereby devise and bequeath all of the shares of said stock to Mary Fleming  *  *  *  to be held in trust for her until she is twenty-one years of age and I hereby appoint Franz H. Armbruster  *  *  *  as trustee without bond." The executors and the special guardian maintain that the testatrix has attempted to create a passive trust and that title to the securities vests in the infant. The named trustee contends that an active trust was intended and that title to the shares is in him, as trustee.

It is patent that if an active trust was intended, all of the powers and duties of the trustee must be spelled out by implication. None are expressed in the will or codicil. If the testamentary instruments indicated an intent that income from the shares was to be used currently for the benefit of the infant or was to

be accumulated during her minority, or that the trustee was to have discretion either to pay or accumulate, it would not be difficult to imply a direction to the trustee to collect income. (*Matter of Black,* 33 N. Y. S. 2d 359, affd. 262 App. Div. 996.) There is, however, no fair basis for implying an intent that income is to be used currently or for implying an intent that it is to be accumulated. There is no reasonable basis for implying an intent that the trustee is to have any power or authority whatever in respect of income. Indeed, there is nothing in the record which would support the implication of an intent that the trustee is to do anything in respect of the shares except to hold them in trust.

It is not without significance that the bequest of the shares was directly to the infant and not to the trustee. The shares were given to the beneficiary and because the right to income would naturally pass with ownership of the shares, the testatrix probably saw no reason to give directions respecting the income. The absence of any directions respecting distribution are understandable for a like reason. If the infant was vested with ownership of the stock, there was no occasion for giving directions for transfer upon her attaining majority or for disposing of them in the event that she died before that time.

It is argued that there is an implied power to vote the corporate shares at stockholders' meetings. It is pure speculation to say that this was the intent and purpose of the testatrix. There is nothing in the will which would fairly support such an implication. Perhaps the testatrix had this in mind; perhaps, on the other hand, she believed that legal title to an infant's property must be in some adult during the infant's minority; perhaps she had other ideas of her own not readily apparent to us. It is impossible to find her purpose within the four corners of the will. Moreover, a gift of the shares to the infant coupled with a power in a third person to do some act with respect to such shares would create a power in trust rather than a trust.

The court holds that the trust which the testatrix attempted to create was a dry or passive trust and that title to the property vests directly in the beneficiary. (Real Property Law, § 93; *Matter of Wolf,* 140 Misc. 595; *Matter of Cole,* 163 Misc. 102; *Matter of Simon,* 186 Misc. 497; *Matter of Levner,* N. Y. L. J., Sept. 28, 1948, p. 600, col. 4.) Payment of the legacy must be made pursuant to the terms of section 271 of the Surrogate's Court Act.

Submit decree on notice construing the will and settling the account accordingly.