In the Matter of the Accounting of ARTHUR A. GALLAGHER, as Executor of CLOTILDA A. REUSS, Deceased.

Surrogate's Court, Queens County, July 18, 1949.

*Stier & Kossman* for executor, petitioner.

*Raymond Keran O'Brien* for Passionist Monastery.

*Raymond A. McCourt* for Friars of Atonement, Inc.

*James J. Sullivan* for Anne M. H. Muller.

SAVARESE, S. Incidental to the judicial settlement of his account, the executor seeks a construction of two paragraphs of the will to determine to whom a legacy of $1,000 and half the residue are payable. Testatrix died November 6, 1945, leaving a will dated July 29, 1942. The paragraphs of the will requiring construction read as follows:

" Sixth: I give and bequeath unto my beloved sister, Anna Maria Hedwig Muller of Urspringen Bayern, Unterfranken, Germany, the sum of One Thousand ($1,000.00) Dollars, to be hers absolutely and forever, upon the following conditions:

" That at the time of the settlement and distribution of my estate

" 1. That Adolf Hitler, or his form of government be not in power in Germany.

" 2. That there be no war between America and Germany.

" 3. That there are no prohibitive restrictions against the transmission of funds by reason of war between America and Germany.

" If however, at the time of the settlement and distribution of my estate, all three of the foregoing conditions exist, but my sister be a resident in or citizen of or refugee in a country not at war with America and there be no prohibitive restrictions

against the transmission of funds to her, then I expressly order and direct that said payment shall be made to her.

" If however, at the time of the settlement and distribution of my estate all three of the foregoing conditions exist and my sister be then a resident of Germany, or subject to and under the control of the German government, then and in that event such bequest herein made for her shall become and form part of my residuary estate, it being my intention to avoid confiscation of the bequest provided for my beloved sister and that it be paid her if at all possible."

" Seventeenth: All the rest, residue and remainder of my property, both real and personal, of whatsoever name, nature or description and wheresoever the same may be situated, of which I may die seized, possessed or entitled to or interested in at the time of my decease, I direct that same shall be divided into two parts:

" One-half thereof I give, devise and bequeath to the Passionist Monastery of the Immaculate Conception of Jamaica, Long Island, New York, for the education of students for the Priesthood in the Passionist Order.

" One-half thereof I give, devise and bequeath to my beloved sister, Anna Maria Hedwig Muller of Urspringen Bayern, Unterfranken, Germany, upon the following conditions:

" That at the time of the settlement and distribution of my estate

" 1. That Adolf Hitler, or his form of government be not in power in Germany.

" 2. That there be no war between America and Germany.

" 3. That there are no prohibitive restrictions against the transmission of funds by reason of war between America and Germany.

" If however, at the time of the settlement and distribution of my estate, all three of the foregoing conditions exist, but my sister be a resident in or citizen of or refugee in a country not at war with America and there be no prohibitive restrictions against the transmission of funds to her, then I expressly order and direct that said payment shall be made to her.

" If however, at the time of the settlement and distribution of my estate all three of the foregoing conditions exist and my sister be then a resident of Germany, or subject to and under the control of the German government, then and in that event, such bequest herein made for her, I give, devise and bequeath unto the Franciscan Friars of the Atonement at Graymoor, Garrison, New York, to be its absolutely and forever."

The issue is whether the events conditioning the bequests to the sister have occurred. It appears that the sister is a subject and resident of Germany, and is therefore an enemy alien. The court takes judicial notice of the fact that Adolf Hitler and his form of government are not in power in Germany, and have not been since the surrender of Germany to the Allied Powers on May 8, 1945, approximately six months prior to testatrix' death. Thus the first condition has been met.

The court must next determine what the testatrix meant by the second condition " that there be no war between America and Germany." It is true that actual hostilities ceased May 8, 1945, but no peace treaty has been signed as yet nor has there been any formal declaration by this country that the state of war declared on December 11, 1941 (55 U. S. Stat. 796) between the United States and Germany has terminated. (See *Ludecke* v. *Watkins,* 335 U. S. 160; *Matter of Heye,* 195 Misc. 1026.) A reading of the will as a whole clearly indicates that this testatrix did not have in mind either the end of the " shooting war " nor the technical diplomatic end of the war, but rather that she used the term " war " in the sense of a status between the two countries which would hinder or prevent the immediate enjoyment of the legacies by her sister. In that sense the war is not over. Hence the second condition is not met.

The third condition, " that there are no prohibitive restrictions against the transmission of funds by reason of war between America and Germany," is not fulfilled because such restrictions still exist under the Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, § 1 *et seq.*) as administered by the Attorney General through the Office of Alien Property Custodian. Throughout the two paragraphs of the will under consideration the testatrix left no doubt that she intended these legacies to be paid directly to her sister if conditions permitted. Her obvious intention was to avoid " confiscation ", whether by Germany or by the United States, and whether the seizure was irrevocable or merely temporary pending a peace treaty. The contention that such a condition is void as against public policy is untenable. There is no policy of the law which forbids the imposition of a condition to a bequest that if the legatee cannot presently enjoy the gift then another shall take it. (See *Matter of Berkel,* 184 Misc. 711; *Matter of Engelking,* 185 Misc. 866; *Matter of Haskin,* 65 N. Y. S. 2d 226; *Matter of Bantin,* 68 N. Y. S. 2d 516; *Matter of Carrington,* 192 Misc. 616.) The third condition is valid and has not been met. Since " all three " of the conditions have not been met, the legacies to the sister are ineffective.

Literally the will provides that the $1,000 legacy shall fall into the residue and that the charity shall take half the residue only if " all three of the foregoing conditions exist." Since only one of the three conditions exists, there is no express provision covering the situation that has arisen. However, the will is implicit with the intention that if the sister could not enjoy her gift because of the conditions imposed, then the charity was to take half the residue as augmented by the $1,000 legacy. Such a construction is preferable as it avoids intestacy and carries out the evident intention of the testatrix.

It is accordingly held that the $1,000 legacy becomes part of the residue, and that the Franciscan Friars of the Atonement at Graymoor, Garrison, New York, are entitled to one half the residue.

Compensation of counsel for the executor for all services rendered to the estate up to and including the entry and execution of the decree herein is fixed and allowed in the sum requested, plus his out-of-pocket disbursements of $10. Account settled. Submit decree construing the will and settling the account accordingly.