S. Samuel Di Falco, S.
Decedent, a resident of New York since 1936, died in 1954. She had executed a will in 1935 while a resident of the Virgin Islands. The will gave legacies of $5 to each of her brothers and the residuary to the Municipality of St. Croix, Virgin Islands “ on condition that they see to it that I am decently buried and that I shall be cared for in a proper manner during my last illness.” Decedent was cared for and buried by her brother, the administrator c. t. a., in New York. He asks the court to determine that the legacy *695 lapsed by reason of the failure of the condition attached to the legacy. The court holds that it did lapse (Oliver v. Wells, 254 N. Y. 451; Matter of Engelking, 185 Misc. 866). A bequest to a cemetery was held to have lapsed where deceased was buried in a different cemetery (Matter of Salo, 107 N. Y. S. 2d 402). Therefore the property which would have passed by the residuary clause of the will passes as in intestacy to the distributees of the deceased.
Decedent maintained a bank account in her own name “ in trust for James.” The court is asked to determine that a brother, James, is the one intended. The petition, supporting affidavit and the fact that the decedent had no other relative or friend by the name of James all indicate that he is the one intended. All persons interested in the estate have been cited, and none has objected to the claim of the brother. The court finds that the brother James is entitled to the account.
The application for attorney’s fees pursuant to section 231-a of the Surrogate’s Court Act is granted in the amount requested for services rendered through the entry of the decree herein.
Submit decree.