Joanna **STIVERS** et al., Appellants,

v.

Adelma **MITCHELL**, Committee of Humphrey Gividen, Jr., Appellee.

Court of Appeals of Kentucky.

June 20, 1958.

D. K. Floyd, Berry & Floyd, New Castle, for appellants.

Coomes & Jones, New Castle, for appellee.

SIMS, Judge.

The questions for determination are: (a) whether the two codicils to the will of J. H. Gividen are void; (b) whether the amount involved on the appeal is less than $2,500, which would require appellants to move this court to grant them an appeal as is provided by KRS 21.080. The trial court held the codicils were void.

The due execution of the will and of the codicils is not questioned. Testator died July 6, 1956, a resident of Henry County. His will dated July 28, 1945, with two codicils dated respectively October 31, 1946, and February 26, 1948, was duly probated July 9, 1956. Omitting the formal parts of the will and of the codicils the instrument reads:

"After the payment of all of my just debts, funeral expenses and costs of administration I will, bequeath and devise all of my property, both personal and real, to the trustee and executor hereinafter named, and I direct that he pay all of my just debts, funeral expenses, costs of administration and $500.00 to my nephew, R. A. Gividen, of Eminence, Kentucky, and the remainder of my estate he will hold, use and invest as trustee for the use and benefit of my son, Humphrey Gividen, Jr., for life. Upon the death of my said son, I direct that he divide the residue in equal portions among my three sisters, Joanna Stivers, 1104 Second Street, Louisville, Kentucky, Fannie Grassman, 909 Clark Lane, Louisville, Kentucky, and Fannie Block, Detroit, Michigan, and if either, or all, of

them be deceased at such time each one-third shall be divided equally among the children and/or heirs at law of the sister, or sisters then deceased."

Then followed the paragraph appointing the executor and trustee. The codicil of October 31, 1946, reads:

"As a codicil to my above last will and testament I hereby direct R. R. Barnett, Executor, upon my death, to pay to each of my above named sisters, if living, the sum of twenty five hundred ($2500.00) dollars."

The codicil of February 26, 1948, reads:

"As a second codicil to my above last will and testament I hereby direct R. R. Barnett executor upon my death to pay Rollie Mitchell of the state of Indiana, the sum of $1000.00, and to my sister Fannie Grassman, an additional sum of $7500.00, making $10,000.00 as the total sum of the special bequests to her."

Humphrey Gividen, Jr., testator's son, was declared a person of unsound mind in 1922 and was committed to Central State Hospital where he has remained until now. Adelma Mitchell, his committee, filed this suit against the executor and the beneficiaries named in the codicils, asking that the codicils to the will be declared null and void.

The trial court held that as the will created a trust fund for the incompetent son, which trust would be destroyed if the codicils prevailed, and as no mention was made of the will in the codicils, and as no intention was shown on the part of testator to revoke the will, the codicils were void. We conclude such holding to be erroneous.

■ A codicil is a testamentary disposition subsequent to a will and by a codicil the will may be altered, explained, added to, subtracted from or confirmed or even revoked by way of republication. 57 Am. Jur. "Wills" §§ 605, 607, pp. 415, 416. A revocation by codicil occurs only by express words or necessary implications. 57 Am. Jur. "Wills" § 624, p. 426.

■ A will and codicil are to be construed together, and the several clauses of a will and codicil should, if possible, be harmonized so as to give effect to every provision of each instrument. The codicil should not be allowed to vary or modify the will unless such is the plain intention of the testator. However, where a will and codicil are inconsistent in their provisions, the codicil, being the latest expression of the testator's desires, is to be given precedence, and provisions of the will which are inconsistent with those of the codicil may be declared revoked by implication. 57 Am.Jur. "Wills" § 608, p. 416. See Annotation 59 A.L.R.2d 11.

As stated in Hard v. Ashley, 117 N.Y. 606, 23 N.E. 177, 178. "The intent of the testator is then to be ascertained by a consideration of the whole, and the original testament is only affected so far as there is any repugnancy in a codicil. A codicil is intended to add to, modify, or revoke the prior will in the respects which may appear; and it cannot have any other operation than may be necessary to give effect to it provisions as the later expressions of the testator's will. It follows that it could not operate as a revocation of previous testamentary dispositions, unless by some plain direction, or by force of the clear import of language in some inconsistent or repugnant provision."

This court held in Norton v. Moren, 206 Ky. 415, 267 S.W. 171, that the language of the codicil will be permitted to disturb the provisions of the will only to the extent necessary to give effect to the codicil; and that the codicil will not operate as a revocation by implication of the terms of the will further than is absolutely necessary in order to give effect to the provisions of the codicil repugnant to or inconsistent with those of the will.

In Bogie v. Britton, Ky., 262 S.W.2d 364, 365, this court said: "The differences between the provision of the original will and the codicil will be reconciled consistent with the provisions of the codicil as being the testator's last expression of his intent." See also Stark v. Gibbons, Ky., 259 S.W.2d 36.

The instant case is not unlike Fidelity & Columbia Trust Co. v. Vivian, 294 Ky. 390, 171 S.W.2d 987, 988, except there the trust fund was increased by a codicil and here it is decreased by the same method. The codicil was upheld there. The Vivian opinion quoted from 1 Page on Wills, § 467, p. 849; "A provision which creates a trust is not revoked by a provision in a codicil which changes the amount of such gift."

We are not impressed by appellee's argument or by the finding of the trial court that the codicils would destroy the trust fund if allowed to prevail. The record shows the executor of the will was required to execute a bond in the sum of $25,000. The record does not show the value of testator's estate but it is a reasonable inference that it at least equaled the amount of the executor's bond. The specific bequests in the codicils total in round numbers $16,-000, thus there will be left some $9000 in the trust fund. But be that as it may, testator had the right by executing the codicils to his will to destroy the trust fund if he did so by plain language expressing his intention to do so, or he could do so by the necessary implication of the language he used. See authorities cited above. Here, testator's plain and unambiguous language expressed his intention to reduce the trust fund by $16,000 and his codicils being subsequent to the will modified that instrument to this extent.

There is no merit in appellee's contention that the appeal should be dismissed because the amount involved is less than $2,500 and it was incumbent upon appellants to move this court for an appeal un-

der KRS 21.080, which they failed to do. Each codicil shows there is more than $2,500 involved in the judgment of the trial court and it appears that $16,000 is the sum involved on this appeal.

The judgment is reversed and one will be entered in conformity with this opinion.