Maximilian Moss, S.
Incidental to the executor’s application for leave to sell a parcel of real property located in Kings County, the petitioner seeks advice and direction and a construction of the will with respect to the rights of the beneficiaries named therein.
By paragraph “ Sixth ” of her will testatrix devised a parcel of real property known as No. 15 Woolly Street, Southampton, Long Island, to named beneficiaries as joint tenants for their own use absolute and forever. The petition shows that this parcel of realty was sold and conveyed by testatrix during her lifetime and that the purchaser delivered a purchase-money mortgage to her for part of the consideration paid. The devise of said realty was a specific gift (Matter of Smallman, 138 Misc. 889, 900, 901; Crawford v. McCarthy, 159 N. Y. 514, 519). The disposal of the subject of the specific gift by the testatrix during her lifetime effected an ademption of the gift (2 Davids, New York Law of Wills, § 1119) and the beneficiaries are not entitled to take the proceeds of the purchase-money mortgage in lieu of the realty (Matter of Ireland, 257 N. Y. 155, 158; Matter of Brann, 219 N. Y. 263; McNaughton v. McNaughton, 34 N. Y. 201; Matter of Sinnott, 163 App. Div. 817, affd. 214 N. Y. 667; Matter of Rubenstein, 169 Misc. 273, 282). The proceeds of said mortgage pass under the residuary clause of the will.
By paragraph “ Fifth ”, testatrix devised a parcel of realty known as No. Ill Pelletreau Street, Southampton, Long Island, *158 to named beneficiaries as joint tenants. The gift being specific, title passed to the beneficiaries thereof immediately upon testatrix’ death (see authorities cited above). In the absence of proof that the disposal of said specifically devised property is required to pay administration expenses, debts or to avoid a partition action (Matter of Mooney, 133 N. Y. S. 2d 360; Matter of Frank, 123 N. Y. S. 2d 452; Surrogate’s Ct. Act, § 215) the executor may not sell said real property.
By paragraph ‘ ‘ Seventh ’ ’, the testatrix devised ‘ ‘ all the rest, residue and remainder ” of her property to her son, executor and petitioner herein, “ * * * in trust, with power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully and in all intents and purposes ” as the testatrix might or could do if personally present. Paragraph “ Eighth ” of the will confers upon the executor ‘ ‘ full power to sell * * # or convey any real property of which” testatrix died seized or possessed, as she might exercise if “ alive and personally acting.” The use of the word “trust” in paragraph “Seventh”, which is the residuary clause devising all the remainder to petitioner named as beneficiary thereunder, does not constitute the creation of a trust. Two of the three essential elements of a true trust are lacking, namely, the trust object and the trust term. There is no object expressed for the purported trust nor is the length of the trust term defined. Although the bequest to the named beneficiary is ostensibly made in “ trust ” no active trust duties are imposed upon him. Where the named individual appears to be both beneficiary and trustee of the property no trust results (Real Property Law, §§ 92, 93; Rawson v. Lampman, 5 N. Y. 456; Jacoby v. Jacoby, 188 N. Y. 124; Matter of Simon, 186 Misc. 497). The language used by the testatrix fails to reveal an intention to create a true trust. An individual cannot be sole beneficiary and sole trustee of the same property. There is nothing in the residuary clause of the will to indicate any intention of the testatrix to modify or cut down the gift to the beneficiary thereunder. The law favors giving effect to absolute gift in such cases (Clarke v. Leupp, 88 N. Y. 228; Matter of Hayes, 263 N. Y. 219, 225, 227).
The court determines that title to the real property situated in Kings County and all the other property which testatrix died seized of and not otherwise disposed of by her will passes to the beneficiary named in the residuary clause of her will, subject to a discretionary power of sale by the executor if he shall deem such action necessary or proper for the advancement of *159 the best interests of the estate (Matter of Holzwasser, 177 Misc. 868; Hutchins v. Van Vechten, 140 N. Y. 115; Matter of Reed v. Browne, 295 N. Y. 184; Matter of Ford, 138 N. Y. S. 2d 694; Matter of Phelps, 131 N. Y. S. 2d 333).
Settle decree on notice.