S. Samuel Di Falco, S.
In connection with his final accounting the executor requests a construction of decedent’s will dated May 14,1957. She died on December 28, 1957:
The instrument is not a work of art. After directing payment of debts and funeral expenses and bequeathing a legacy of $1,000, the will reads as follows: ‘ ‘ I leave all the cash, securities and negotiable assets that are mine at the time of my death to my neices, Mary Margaret Strouse and Judy Frances Strouse, 1002 W. Lake Ave., Baltimore, Md. Their father and my brother, Isaac L. Strouse, of the same address, shall have full determination as to how and when these funds shall be disbursed to his daughters.” Testatrix then specifically bequeathed a portrait and requested her brother, named as executor, to give her other possessions such as “ (books, jewelry, etc., etc.) ” to friends who might want or enjoy them.
The general and specific legacies have been paid. The assets on hand consist of cash, securities and personal effects. The executor who is the father of the two infants requests a determination that the aforesaid disposition to his daughters is an outright testamentary gift and not a trust.
The special guardian for the two infants agrees with this proposed construction stating that the will lacks any language indicating an intent to create a trust and has no provision for payment or accumulation of income. 1 ‘ ‘ The question is whether the settlor manifested an intention to impose * * # upon a transferee of the property equitable duties to deal with the property for the benefit of another person. ’ (1 Scott on Trusts, p. 147; see, also, Matter of Leonard, 218 N. Y. 513, 520, and Striker v. Daly, 223 N. Y. 468, 472.) ” (Matter of Babbage, 201 Misc. 750, 752.) No term is fixed or active duties required in the language used by the testatrix. The court holds that the gifts are outright bequests and not in trust. The gifts vest immediately in the infants and are payable to their duly qualified general guardian (Jacoby v. Jacoby, 188 N. Y. 124; Matter of Berliner, 267 App. Div. 1000; Matter of Cole, 163 Misc. 102).
. Submit decree on notice settling the account accordingly.