IN THE MATTER OF THE ESTATE OF ROY FREDERICK KRUKENBERG, ALSO KNOWN AS ROY F. KRUKENBERG, DECEASED.

JANELLE SHEPHARD, APPELLANT v.
GILBERT GEBO, RESPONDENT.

No. 4370

May 4, 1961                                361 P.2d 537

*Diehl & Recanzone,* of Fallon, for Appellant.

*William P. Beko,* of Tonopah, and *Clifton Young,* of Reno, for Respondent.

## OPINION

By the Court, McNAMEE, J.:

On October 21, 1959 Gilbert Gebo filed a petition for letters of administration with the will annexed in the court below and presented therewith a will of decedent, Roy F. Krukenberg, dated June 5, 1943, together with a codicil thereto, dated June 1, 1944. Thereafter, Janelle Shephard, appellant herein, filed a contest to the probate of said will and codicil. After hearing the contest, the lower court, on August 8, 1960, made an order admitting the will and codicil to probate and appointing Gilbert Gebo administrator with the will annexed.

Appeal herein is from said order of August 8, 1960.

The will of June 5, 1943 was holographic and, after expressly revoking all wills theretofore made, the testator named his sister, Bertha Vernanda McManus, now Bertha V. Gebo, executrix and stated that: "it is my wish and I do hereby request that she may not be required to give any bond or security as such executrix, and that she may settle my estate in her own way and sell any or all of the real or personal property at public or private sale as she may think best, and pay the debts without being compelled to account to the Probate or any other court." He further directed that his executrix pay all of his just debts and funeral expenses and that he be placed in a companion crypt in the Forest Lawn Mausoleum beside his wife, Marie Krukenberg. The will further provided that "after the payment of

such funeral expenses and debts, I give, devise and bequeath unto my beloved sister Bertha Vernanda McManus \* \* \* all of my property, real and personal, and effects of every nature which I either have, may die possessed of or may be entitled to."

The testator added to said document, on the second page thereof, the following holographic codicil:

"June 1, 1944.

In case that I should remarry, all of my properties and anything that I may own including my Bank Account shall be turned over to my wife instead of the above mentioned Executrix. To my Daughter Janelle Krukenberg Shephard I wish to leave the sum of One Dollar.

Roy Krukenberg"

On June 17, 1944 said testator married Ruth Krukenberg. This marriage was dissolved by divorce on September 14, 1959. Prior to such dissolution, on August 24, 1959 a property settlement agreement was executed by Roy and Ruth Krukenberg wherein each waived any interest in the other's estate whether by the laws of succession or under a will. This agreement was ratified and confirmed by the divorce court. Testator died October 3, 1959. Janelle Shephard is the sole surviving child.

Bertha V. Gebo renounced her right to act as executrix under the original will and requested by a writing filed in the court below that administration be granted to her husband, Gilbert Gebo.

The foregoing facts present several difficult legal questions. At this time we are concerned with only the admission to probate of the will and codicil and the appointment of the person entitled to administer the estate.

Appellant contends that by virtue of said codicil the original will was revoked upon the marriage of Roy and Ruth Krukenberg; that the codicil itself was revoked as a result of the property settlement and divorce; that by reason of such revocations the decedent died intestate, and as a result of intestacy she is the sole heir of the deceased and entitled to have letters of administration issue to her.

It is respondent's contention that the will and codicil could not take effect until the date of the death of decedent on October 3, 1959, at which time the codicil was ineffective and, therefore, the original will was not affected thereby.

The effect of the codicil upon the original will is considered first.

There can be no doubt that the remarriage of the testator after the execution of the codicil revoked the gift to his sister.

If the codicil had been executed at the same time and as part of the original will, the gift to the sister would have been conditional and effective only in the event the testator did not remarry. We see no reason why the result should be different when the gift to the sister is made conditional by a codicil of subsequent date. An inconsistent disposition by codicil may impose a condition on a gift which was unconditional and absolute under the original will. In re Berkel's Will, 184 Misc. 711, 55 N.Y.S.2d 279. The language of the codicil contains an express revocation of the gift to the sister effective upon and at the time of testator's remarriage. Nothing therein expressly revokes her designation as the executrix or any other part of the original will. To hold otherwise would produce the absurd result of nullifying even the provision in the original will revoking all wills theretofore made. It is apparent from the detailed duties imposed upon his sister as executrix that the testator had complete faith and trust in her and felt he could rely upon her to carry out the provisions of his testamentary expressions. Even in the codicil he refers to her as the "above mentioned Executrix" rather than as his sister.

The fact that the wife at some time after her marriage to the testator declined to be an heir does not revive the revoked gift to the sister any more than the wife's death would have during the lifetime of the testator.[1]

---

[1] "Is a dead man revived by killing his slayer?" Quotation from Harwell v. Lively, 30 Ga. 315, 76 Am.Dec. 649.

See Dependent Relative Revocation, by Francis T. Cornish, 5 So.Cal. L.R. 273, Note 2. Once a will or gift therein is revoked it cannot be revived except by republication or re-execution. NRS 133.130.

"If when a subject has been disposed of in a will and the same subject is again disposed of, either in a subsequent will or in a codicil, then if you can find, apart from the description of the subject, words expressly or impliedly effecting revocation, that revocation will stand, whatever the fate of the subsequent disposition * * *." Ward v. Van der Loeff, [1924] A.C. 653, 671, 93 L.J., Ch. 397, 131 L.T.R. 292, 68 S.J. 517, 40 T.L.R. 493 (H.L. 1924).

Until the remarriage of the testator the only effect of the codicil was to republish the original will. Boyd v. Frost National Bank, 145 Tex. 206, 196 S.W.2d 497, 168 A.L.R. 1326; Ward v. Curry's Ex'r, 297 Ky. 420, 180 S.W.2d 305; Fidelity & Columbia Trust Co. v. Vivian, 294 Ky. 390, 171 S.W.2d 987. If, after making the codicil, the testator had died without remarrying, the former will would not, in any way, have been affected. The minor child, however, would have taken the nominal bequest in the codicil rather than as a pretermitted heir under the original will. See In re Carl Ray, 69 Nev. 204, 245 P.2d 990, which construes the Nevada law then in existence. His remarriage merely effected a change of beneficiary. A codicil does not revoke a will unless testator's intention so to revoke is clear. Ward v. Curry's Ex'r, supra; Fidelity & Columbia Trust Co. v. Vivian, supra. That there was no intent by the codicil to revoke the entire original will appears from the act of creating the codicil on the same paper as the original will. Revocation of a former will is presumed where a second will is executed. On the other hand, confirmation of the original will is presumed where a codicil thereto is executed. 51 A.L.R. 692. In accordance with the foregoing principles "a codicil is construed with the will as a part thereof, and as making one instrument with the will, so that the provisions of the two will be reconciled as far as can

be done with a reasonable construction." 1 Page, Wills sec. 466 (3d ed. 1941).

Contrary to the contention of respondent aforesaid that the will and codicil could not take effect until the death of decedent on October 3, 1959, a codicil valid when made which expressly revokes a provision of a will unconditionally, takes effect as of the date of its execution, while a conditional revocation becomes effectual upon the happening of the condition. 1 Page, Wills sec. 476 (3d ed. 1941). This rule is a result of NRS 133.120 which is derived from the English Statute of Victoria. See 1 Page, Wills sec. 474 (3d ed. 1941).

We thus conclude that the codicil revoked the original will pro tanto only. 1 Page, Wills sec. 464 (3d ed. 1941). The lapsed gift in the codicil nullified the codicil only to the extent of such gift. The will and codicil therefore are entitled to admission to probate as the validly executed testaments of the decedent.

Because the codicil was validly executed and its continuance as a valid testamentary expression lasted for more than 15 years, and the testator was not induced to revoke the original gift to his sister by mistake, fraud, and the like, the question of dependent relevant revocation does not arise. Worcester Bank and Trust Co. v. Ellis, 292 Mass. 88, 197 N.E. 637; Estate of Nelson, 183 Minn. 295, 236 N.W. 459.

Appellant has not questioned the right of respondent to act as administrator with the will annexed in the event the will is admitted to probate. Inasmuch as appellant is not a resident of the State of Nevada, she would not be entitled to letters of administration in any event. NRS 139.010.

Affirmed. No costs are allowed.

BADT, C. J., and PIKE, J., concur.