RENDERED: OCTOBER 9, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0390-MR

LINDA K. FRIEDMAN, PhD; RHONDA L.
FRIEDMAN; AND JILL A. FRIEDMAN                          APPELLANTS


APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE JUDITH MCDONALD-BURKMAN, JUDGE
ACTION NO. 18-CI-004703


PNC BANK, N.A., IN ITS CAPACITY AS TRUSTEE
U/A OF THE ROSE FRIEDMAN 2004 GRANTOR
ANNUITY TRUST DATED DECEMBER 7, 2004;
WAYNE FRIEDMAN, INDIVIDUALLY AND AS
CO-TRUSTEE OF THE MARVIN FRIEDMAN
REVOCABLE TRUST; AND ROSE FRIEDMAN,
ONLY AS CO-TRUSTEE OF THE MARVIN FRIEDMAN
REVOCABLE TRUST                                         APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND K. THOMPSON, JUDGES.

ACREE, JUDGE: Appellants appeal the Jefferson Circuit Court's February 6, 2019 Opinion and Order dismissing their action for failure to state a claim. Finding no error, we affirm.

## BACKGROUND

This matter arises from the distribution of Marvin Friedman's estate. His three daughters, Linda, Rhonda, and Jill Friedman (Appellants) filed an action against: (1) their brother, Wayne Friedman; (2) Marvin's wife, Rose Friedman; and (3) the trustee, PNC Bank, (collectively, Appellees) seeking a declaration of rights to certain assets under a grantor retained annuity trust agreement (GRAT) for the benefit of Marvin. Marvin's estate was complex due to multiple codicils and trusts, making the facts of this case convoluted. We lay out those facts below.

Marvin executed a trust agreement called Marvin's Revocable Trust Agreement and his last will and testament on December 2, 2004. In this will, Marvin failed to include a power of appointment regarding the trust agreement. However, the trust agreement contained a clause that gave a testamentary special power of appointment to Marvin, so he could determine the distribution between Rose and his children. A few days later, on December 7, Rose funded a GRAT that would benefit her for two years and then be transferred to the trust agreement.

Two years later, Marvin executed his first codicil. In this codicil, he made additions and deletions to his will. Section 2.3 was added to the will, giving

him a special testamentary power of appointment over the GRAT and directing all assets to be added to the trust agreement.

The second codicil was executed on March 18, 2010. In it, Marvin deleted Section 2.2 of his will, which discussed the distribution of his personal property, and substituted language to include a provision that would come into play should Rose predecease him.

On December 21, 2012, Marvin executed a third codicil, which is at the heart of this dispute. In this codicil, Marvin added a new Section 2.3 which has language completely different from the original Section 2.3 added in the first codicil pertaining to his power of appointment. This new Section 2.3 discussed Marvin's wishes concerning a burial plot and made no reference to his power of appointment.

Marvin died on October 13, 2016. At that point, Appellants believed the third codicil revoked the previous Section 2.3 and replaced it with the language regarding his burial wishes. Therefore, Appellants argued the power of appointment was revoked and the trust should be immediately distributed among Appellants and Rose. Appellees argue to the contrary. They believe the burial plot was an addition to Section 2.3 and did not revoke the power of appointment. Resolution of this dispute decides if the funds are distributed pursuant to the GRAT, which would be immediately disbursed among the children, or pursuant to

the trust agreement, which would be distributed in 2032 to Marvin's great-grandchildren.

The circuit court ultimately decided that Marvin did not intend to eradicate his power of appointment by including burial instructions. It found the third codicil contained no revocation clause and was not inconsistent with the prior codicil. Therefore, the circuit court granted Appellees' motion to dismiss for failure to state a claim upon which relief can be granted. This appeal followed.

## STANDARD OF REVIEW

A trial court should not grant a motion to dismiss under CR[1] 12.02(f), unless "it appears the pleading party would not be entitled to relief under any set of facts which could be proved . . . . This exacting standard of review eliminates any need by the trial court to make findings of fact; rather, the question is purely a matter of law." *Brown-Forman Corp. v. Miller*, 528 S.W.3d 886, 889 (Ky. 2017) (citations and internal quotation marks omitted). Because the decision whether to dismiss a petition under this rule involves a question of law, this Court reviews this case *de novo*. *James v. Wilson*, 95 S.W.3d 875, 883-84 (Ky. App. 2002).

---

[1] Kentucky Rules of Civil Procedure.

## ANALYSIS

We conclude the circuit court correctly interpreted the law and committed no error.[2]  Therefore, we affirm its ruling and adopt its conclusions.

It is well-settled that "a will and codicil are to be regarded as a single and entire instrument for the purpose of determining the testamentary intention and disposition of the testator[.]"  *Fidelity & Columbia Trust Co. v. Vivian*, 294 Ky. 390, 171 S.W.2d 987, 988 (1943) (quoting 28 R.C.L. 199, section 157). "Both instruments together will be construed as if they had been executed at the time of the making of the codicil."  *Id.* (citation omitted).  "A revocation by a codicil of a gift in the will extends only so far as the will is inconsistent with the codicil, and a gift once made by will is not to be cut down by a subsequent codicil unless the intention of the testator to that effect appears clearly or by necessary implication."  *Id.* (citation omitted).  Additionally, "[a] revocation by codicil occurs only by express words or necessary implications."  *Stivers v. Mitchell*, 314 S.W.2d 569, 571 (Ky. 1958) (citation omitted).

---

[2] Appellants argue the court made a judicial error in its findings.  They believe the circuit court thought the GRAT was automatically set up to transfer to the trust agreement.  If this was a misunderstanding, in fact, it does not warrant reversal.  We conclude the GRAT was to terminate after two years.  According to Section 2.1(e), "upon the expiration of two (2) years after the date of this Trust Agreement, or Settlor's death, whichever shall first occur, this trust shall end and be distributed as hereinafter provided in Paragraph 2.2."  After the two years, Marvin amended his will to direct his assets to the trust agreement.  Any judicial error that may have occurred is irrelevant to this review.

We agree with the circuit court that application of well-settled law to the facts of this case leads to the conclusion that Marvin did not intend to substitute the language in Section 2.3 pertaining to the power of appointment with language regarding his funeral arrangements. He did not expressly revoke the previous Section 2.3. He merely added to the section. Beyond using the same section number, there is nothing in the second Section 2.3 that is inconsistent with the first Section 2.3.

By his proper use of codicils in other contexts, Marvin demonstrated he knew how to cause a new codicil to affect or supplant a previous provision of the will or codicil. For example, he amended Section 5.1 Item V in its entirety and deleted entire sections as he did in past codicils. By using the language "it is hereby added," instead of "it is hereby amended" or "it is hereby deleted and substituted," he clearly articulated his intention to _add_ to Section 2.3. Because we are affirming the circuit court's ruling, arguments regarding Appellants' breach of fiduciary duty claims against PNC Bank are moot.

## **CONCLUSION**

For the foregoing reasons, we affirm the Jefferson Circuit Court's February 6, 2019 Opinion and Order dismissing Appellants' claim.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Casey L. Hinkle
Louisville, Kentucky

James C. Worthington, Sr.
Louisville, Kentucky

BRIEF FOR APPELLEE WAYNE
FRIEDMAN, INDIVIDUALLY AND
AS CO-TRUSTEE OF THE MARVIN
FRIEDMAN REVOCABLE TRUST;
AND ROSE FRIEDMAN, ONLY AS
CO-TRUSTEE OF THE MARVIN
FRIEDMAN REVOCABLE TRUST:

John D. Cox
Petersen S. Thomas
Louisville, Kentucky

BRIEF FOR APPELLEE PNC
BANK, N.A., IN ITS CAPACITY AS
TRUSTEE U/A OF THE ROSE
FRIEDMAN 2004 GRANTOR
ANNUITY TRUST DATED
DECEMBER 7, 2004:

Wayne F. Wilson
J. Tanner Watkins
Young-Eun Park
Louisville, Kentucky